(9 App. Div. 490.)

## MULFORD et al. v. GIBBS.

(Supreme Court, Appellate Division, First Department.    October 23, 1896.)

EXEMPTIONS—SUPPLEMENTARY PROCEEDINGS.

Moneys due from customers to a person engaged in retailing ice, in which business he employs two ice carts and several men, are not "personal earnings" (Code Civ. Proc. § 2463), so as to be exempt in supplementary proceedings.

Appeal from special term, New York county.

Supplementary proceedings by Charles Mulford and others against David M. Gibbs.    From an order denying a motion to punish the judgment debtor for contempt, the judgment creditors appeal.    Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Robert Godson, for appellants.

Charles J. Hardy, for respondent.

PATTERSON, J.    The question in this case comes up on an application to punish a judgment debtor for contempt for an alleged violation of an injunction contained in an order in supplementary proceedings.    The judgment debtor was engaged in the business of buying ice, and selling it at retail to various customers.    In his business he owned two ice carts, five horses, and employed several men to assist him.    He is a married man, with a wife and children, three of whom and his wife were dependent upon him for support.    At the time the order in supplementary proceedings was served upon him, there was due him from his customers some six or seven hundred dollars, which he collected, and, notwithstanding the restraint in the order, paid to ice merchants who had supplied him with ice.    It was shown on his examination that the moneys he received from his business did not more than suffice to pay his bills for the ice he bought, the wages of his employés, the cost of maintenance of his horses, and the support of his family.    The court below held that the judgment debtor was not punishable as for a contempt, because he came within the operation of that provision of the Code of Civil Procedure (section 2463) which exempts the personal earnings of a judgment debtor accrued within 60 days before the institution of the supplementary proceedings, the accounts for ice having accrued within that period.    The only question involved here is as to the moneys being earnings of the character referred to in the statute.    This statute is one which should be liberally construed, but, giving it such construction, we are unable to see how these moneys can be regarded as earnings from personal services.    If it is to be so construed in this case, the net product of the business of any person in trade must be put in the same category.    There are cases which hold that the exemption applies not only to those who work for days' wages, but to teachers, and those who conduct a business in which they employ little or no labor; but this is a case in which a judgment debtor buys and sells merchandise, has an equipment appropriate to the conduct

of his business, a business which is capable of increase and extension, in which he occupies the position of master to servants, and uses the product of his business in the payment of wages and in the maintenance of a business establishment. If the exemption provided for in the statute is to extend to such a person, it may well be extended to every merchant or dealer who takes any part in the conduct of his own business, and so be said the net product of the business of such a merchant or dealer is to be construed, in a legal sense, as earnings. It seems to us that the exemption of the statute was not intended to apply to such a case. The act of the judgment debtor was such as to impair or defeat the judgment creditor's right sought to be enforced through the supplementary proceeding, which is a special proceeding. The debts due the judgment creditor were collectible by a receiver, and by him could be applied to the payment of the judgment.

The order should be reversed, with costs, and the motion granted. All concur.