(36 App. Div. 31.)

## BARRINGTON v. WATKINS.

(Supreme Court, Appellate Division, First Department. December 30, 1898.)

1. SUPPLEMENTARY PROCEEDINGS—AFFIDAVIT—DEFECTIVE COPY—ORDER—VA-CATION.
   Where the affidavit on which is based an order for examination in sup-plemental proceedings is sufficient, it is not ground to vacate the order that the affidavit copy served on defendant was incorrectly copied in some particulars.

2. SAME—ORDER—IRREGULARITY—SUFFICIENCY.
   An order for examination requiring a judgment debtor to appear before the judge signing it or one of the justices "of the court at a special term thereof, to be held at part two thereof at the county court house," is not irregular, as requiring the debtor's appearance before the court, instead of before the judge signing the order, the words quoted being words of designation of place.

3. SAME—OBJECTION TO ORDER.
   Objection to an order for examination of a judgment debtor requiring his appearance on a subsequent day of the same month, that in the copy served on him the year was not inserted, is frivolous.

Appeal from special term, New York county.

Action by Benjamin Barrington against Jabez B. Watkins. Mo-tion to vacate an order for the examination of a judgment debtor in supplementary proceedings. There was an order denying the motion, and defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGH-LIN, PATTERSON, and INGRAHAM, JJ.

Lemuel Skidmore, for appellant.
Charles R. Pelgram, for respondent.

INGRAHAM, J. This motion was made to vacate an order for the examination of a judgment debtor in a proceeding supplementary

to execution on an order to show cause. Annexed to this order to show cause was what purported to be the copy of the order for the examination, and the affidavit upon which it had been granted, which had been served upon the judgment debtor. Upon the return of this order to show cause, it appeared that the copy of the affidavit served was incorrectly copied in some particulars, and that the original affidavit upon which the order was granted justified an order for the examination of the judgment debtor. The order therefore had been properly granted, and the court would not have been justified in vacating it; and as no other relief was asked for in the order to show cause, except a vacation of the order, the motion on the ground of irregularity in the affidavit was property denied.

The order granted was also objected to upon the ground that it was made returnable at a special term of the court. The order requires the judgment debtor to appear before the judge signing it, or one of the justices of the court at a special term thereof, to be held at part 2 thereof, at the county court house in the city of New York. The debtor was required to appear before a justice of the court, and the place at which he was required to appear was special term, part 2, designated in the order. There was nothing irregular in this provision.

The order expressly specified the time and place at which the judgment debtor was required to attend, viz. on June 28th, at half past 10 o'clock in the forenoon, at part 2 of the special term of the supreme court, before the justice signing the order, or one of the justices of the court; and the objection that in the copy served the year was not inserted is frivolous. The order was granted on June 23, 1898, and required the judgment debtor to appear on June 28th, and the omission of the year in which the judgment debtor was to appear in the copy served could not have caused the judgment debtor any embarrassment. If the judgment debtor had been willing to take the risk of the proceeding, he could have stayed away; and, upon an application to punish him for contempt, the validity of his objections to the copy of the order or affidavit served upon him would have been considered; but none of the grounds assigned was a reason for vacating the order, which was properly granted, upon a proper affidavit.

The order appealed from is affirmed, with $10 costs and disbursements. All concur.