In the Matter of the Examination of LEROY WYMAN, Judgment Debtor, Appellant and Respondent, in Proceedings Supplementary to Execution, upon the Application of HENRY Y. CANFIELD, Judgment Creditor, Respondent and Appellant.

*Service of a copy of an affidavit in supplementary proceedings — what variance therein from the original is immaterial — money received from the sale of milk from the debtor's farm, when not shown to be exempt.*

The service upon a judgment debtor of a copy of an affidavit and order for his examination in proceedings supplementary to execution, which copy was defective in that it read, "that said judgment was duly rendered upon said judgment debtor's appearance, or personal service of the summons upon said judgment debtor," while in the original the words "said judgment debtor's appearance, or" had been stricken out, is sufficient to authorize the examination of the judgment debtor.

Where the judgment debtor testified that he and his family resided upon a farm rented and worked by him, money received for milk which he had sold to a condensery during the month prior to the service of the order for his examination and which, he testified, "was the proceeds of labor" from such farm, is not exempt under section 2463 of the Code of Civil Procedure on the ground that it constituted earnings for personal services of the judgment debtor rendered within the last sixty days, where it does not appear how much assistance the judgment debtor had in working the farm or whether he personally performed any portion of the dairy work.

APPEAL by Henry Y. Canfield, judgment creditor in the above-entitled proceedings, from so much of an order of the County Court of Delaware county, entered in the office of the clerk of the county of Delaware on the 25th day of January, 1902, as adjudges that certain moneys in the hands of the judgment debtor are exempt from the claims of creditors and denies the motion of said judgment creditor that such moneys be applied for his benefit, and also an appeal by Leroy Wyman, the judgment debtor in the above-entitled proceedings, from so much of said order as denies his motion to set aside the order for examination theretofore granted in this proceeding, and the service of a copy of the order and affidavit upon the judgment debtor.

The county judge of Delaware county, on September 13, 1891, made an order that the judgment debtor, Wyman, appear in proceedings supplementary to execution, before a referee on September twentieth, and answer concerning his property. This order was made upon an affidavit in all respects sufficient to warrant it. On September sixteenth such order and a paper purporting to be a copy of the affidavit was served upon Wyman. The paper was a copy, except that it contained the printed words, "said judgment debtor's appearance, or," which had been stricken out in the original, so that the copy was made to read, "that said judgment was duly rendered upon said judgment debtor's appearance, or personal service of the summons upon said judgment debtor," instead of stating, as it did in the original, that it was rendered upon personal service upon the defendant.

On the twentieth Wyman appeared specially before the referee, and took the objection that no copy of the affidavit having been served upon him with the order, he was not obliged to be sworn and answer concerning his property. It was finally agreed, however, that he should then be sworn and answer conditionally, and that the question of his liability to do so under the order should be thereafter presented to the county judge, the agreement being that, if the service was held sufficient, the evidence so taken should be deemed operative in the proceedings, but that, if the service was held insufficient to authorize the referee to take the examination, then the evidence so taken should go for naught.

On the examination it appeared that, when the order was served

upon Wyman, he had just received forty-four dollars for milk he had sold to a condensery during the month ending September fifteenth. He resided upon a farm that he rented for twenty-five dollars per month. He had a family consisting of a wife and three children living with him. He worked the farm, and the milk was "the proceeds of labor" from such farm. The whole of such money was necessary for the payment of his rent and the support of his family, and his rent was due at the end of each month. He claimed that such forty-four dollars were exempt under section 2463 of the Code.

The referee made a report in accordance with the above facts, and, upon its presentation to the County Court, Wyman asked for a decision that the service was not sufficient to warrant the examination, and that the order and all the proceedings be dismissed. The court held that the service was sufficient to give the referee jurisdiction to act, and refused to dismiss the proceedings. The judgment creditor asked the court for an order directing the judgment debtor to pay over the forty-four dollars to be applied on his judgment. The court declined to do so, holding that such money was exempt. An order was entered to the above effect, with ten dollars costs against the judgment creditor, Canfield.

Each of the parties has appealed from so much of the order as denies his application.

*Jerome S. Seacord*, for the judgment creditor.

*Henry B. Sewell*, for the judgment debtor.

PARKER, P. J.:

In *Union Furnace Co.* v. *Shepherd* (2 Hill, 413) it was held that though the statute required the service of a copy, the true test was whether the defendant could have been misled by the variance between the original and the paper served upon him as a copy. I have not discovered that such rule has since been abandoned or changed. There was nothing in the copy, as served, misleading.

The affidavit, upon which the order to appear and answer before the referee was granted, was confessedly sufficient, and an application to vacate that order because of such a variance would have

been denied. (*Barrington* v. *Watkins*, 36 App. Div. 31.) This application is substantially to the same effect, and the court below was correct in denying it.

As to the question whether the forty-four dollars received for milk sold by the judgment debtor during the month ending September fifteenth was exempt, I am of the opinion that the court below erred in its decision.

Evidently the milk was produced from the cows kept upon the farm, but the only evidence upon that subject is the testimony of the defendant, that he took his milk to the condensery and at the middle of each month received a check for the same, and that this forty-four dollars was the amount of the September check; also his further statement that it was " the proceeds of labor " from his farm. How much assistance he had in working his farm does not appear. Whether he himself did a particle of work in the dairy does not appear. The case seems barren of proof that this money was the result of his personal services, and for that reason, without discussing whether it could be considered as his *earnings* for personal services within the meaning of section 2463 of the Code, had it been produced by his labor alone, the claim that it was exempt cannot be sustained. But even if it be conceded that the defendant alone had done the work of the farm, I am of the opinion that this money could hardly be considered as having been received as *earnings* for his personal services *rendered* within the last sixty days. It was rather the proceeds of a business carried on by him, and within the authority of *Prince* v. *Brett* (21 App. Div. 190), than within the principle of the cases cited by the defendant's counsel. However, without deciding this last proposition, the order of the County Court upon this question must be reversed for the reason first above given.

So much of the order as is appealed from by Wyman, the judgment debtor, is affirmed, with ten dollars costs and disbursements against him. So much of the order as is appealed from by Canfield, the judgment creditor, is reversed, with ten dollars costs and disbursements in his favor, and his application which was denied below is granted.

All concurred.

So much of the order as the debtor appeals from is affirmed, and so much of the order as the creditor appeals from is reversed, with ten dollars costs and disbursements to the creditor, and the motion in the court below is granted, with ten dollars costs.