### In re WYMAN.

(Supreme Court, Appellate Division, Third Department. November 12, 1902.)

1. SUPPLEMENTARY PROCEEDINGS—SERVICE—AFFIDAVIT—VARIANCE IN COPY.
    Where an order by the county judge for a judgment debtor to appear in supplementary proceedings was based on an affidavit reading "that said judgment was duly rendered upon personal service of the summons," and the copy of the affidavit served upon the debtor with the order read "that said judgment was duly rendered upon said judgment debtor's appearance, or personal service of the summons," the service was sufficient to compel the debtor to appear and answer, since he could not have been misled by the variance.
2. SAME—EXEMPTIONS—PERSONAL SERVICES—EVIDENCE—SUFFICIENCY.
    Code Civ. Proc. § 2463, provides that earnings of the judgment debtor by personal services rendered within 60 days next before the institution

¶ 2. See Exemptions, vol. 23, Cent. Dig. § 71.

of supplementary proceedings, and necessary for the support of his family, shall be exempt under such proceedings. A debtor was shown to have in his possession money received from the sale of milk produced on his farm, and that the money was necessary to support his family; but it was not shown that he did any of the work in connection therewith, beyond hauling the milk to the condensery and receiving a check therefor. *Held*, that no showing had been made that the money was the result of his personal services, and hence it was not exempt under the statute.

Appeal from Delaware county court.

Proceedings supplementary to execution upon the application of Henry Y. Canfield, judgment creditor, against Leroy Wyman, judgment debtor. From an order refusing to dismiss the proceedings, but in favor of the debtor, each of the parties appeals. Partly affirmed and partly reversed.

The county judge of Delaware county on September 13, 1891, made an order that the judgment debtor, Wyman, appear in proceedings supplementary to execution before a referee on September 20th, and answer concerning his property. This order was made upon an affidavit in all respects sufficient to warrant it. On September 16th such order and a paper purporting to be a copy of the affidavit were served upon Wyman. The paper was a copy, except it contained the printed words, "said judgment debtor's appearance, or," which had been stricken out in the original, so that the copy was made to read, "that said judgment was duly rendered upon said judgment debtor's appearance, or personal service of the summons upon said judgment debtor," instead of stating, as it did in the original, that it was rendered upon personal service upon the defendant. On the 20th, Wyman appeared specially before the referee, and took the objection that, no copy of the affidavit having been served upon him with the .order, he was not obliged to be sworn and answer concerning his property. It was finally agreed, however, that he should then be sworn, and answer conditionally. and that the question of his liability to do so under the order should be thereafter presented to the county judge; the agreement being that, if the service was held sufficient, the evidence so taken should be deemed operative in the proceedings, but, if the service was held insufficient to authorize the referee to take the examination, then the evidence so taken should go for naught. On the examination it appeared: That when the order was served upon Wyman he had just received $44 for milk he had sold to a condensery during the month ending September 15th. He resided upon a farm that he rented for $25 per month. He had a family, consisting of a wife and three children, living with him. That he worked the farm, and the milk was "the proceeds of labor from such farm." The whole of such money was necessary for the paying of his rent and the support of his family, and his rent was due at the end of each month. He claimed that such $44 were exempt under section 2463 of the Code. The referee made a report in accordance with the above facts, and, upon its presentation to the county court, Wyman asked for a decision that the service was not sufficient to· warrant the examination, and that the order and all the proceedings be dismissed. The court held that the service was sufficient to give the referee jurisdiction to act, and refused to dismiss the proceedings. The judgment creditor asked the court for an order directing the judgment debtor to pay over the $44, to be applied on his judgment. The court declined to do so, holding that such money was exempt. An order was entered to the above effect, with $10 costs against the judgment creditor, Canfield.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

Jerome S. Seacord, for the judgment creditor.
Henry B. Sewell, for the judgment debtor.

PARKER, P. J. In Furnace Co. v. Shepard, 2 Hill, 413, it was held that, though the statute required the service of a copy, the true test was whether the defendant could have been misled by the variance between the original and the paper served upon him as a copy. I have not discovered that such rule has since been abandoned or changed. There was nothing in the copy, as served, misleading. The affidavit upon which the order to appear and answer before the referee was granted was confessedly sufficient, and an application to vacate that order because of such a variance would have been denied. Barrington v. Watkins, 36 App. Div. 31, 55 N. Y. Supp. 97. This application is substantially to the same effect, and the court below was correct in denying it.

As to the question whether the $44 received for milk sold by the judgment debtor during the month ending September 15th was exempt, I am of the opinion that the court below erred in its decision. Evidently the milk was produced from the cows kept upon the farm, but the only evidence upon that subject is the testimony of the defendant that he took his milk to the condensery, and at the middle of each month received a check for the same, and that this $44 was the amount of the September check; also his further statement that it was "the proceeds of labor from his farm." How much assistance he had in working his farm, does not appear. Whether he himself did a particle of work in the dairy does not appear. The case seems barren of proof that this money was the result of his personal services, and for that reason, without discussing whether it could be considered as his earnings for personal services, within the meaning of section 2463 of the Code, had it been produced by his labor alone, the claim that it was exempt cannot be sustained. But even if it be conceded that the defendant alone had done the work of the farm, I am of the opinion that this money could hardly be considered as having been received as earnings for his personal services rendered within the last 60 days. It was, rather, the proceeds of a business carried on by him, and within the authority of Prince v. Brett, 21 App. Div. 190, 47 N. Y. Supp. 402, than within the principle of the cases cited by the defendant's counsel. However, without deciding this last proposition, the order of the county court upon this question must be reversed for the reason first above given.

So much of the order as is appealed from by Wyman, the judgment debtor, is affirmed, with $10 costs and disbursements against him. So much of the order as is appealed from by Canfield, the judgment creditor, is reversed, with $10 costs and disbursements in his favor, and his application which was denied below is granted. All concur.