### GOLDBERGER v. TACK.

(Supreme Court, Appellate Term.　March 5, 1908.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS—DISOBEDIENCE OF ORDER — CON-
TEMPT.

In proceedings to adjudge a judgment debtor guilty of contempt for
disbursing money subsequent to a restraining order served upon him,
where his testimony does not show that the money was personal earn-
ings, which were exempt under Code Civ. Proc. § 2463, he will be held
guilty.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 21, Execution, §
1199.]

Appeal from City Court of New York, Special Term.

Morris Tack was adjudged guilty of contempt for violating an or-
der restraining him from disposing of property subject to execution,
and appeals.　Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and
MacLEAN, JJ.

Robert L. Turk, for appellant.

Theodore Prince, for respondent.

MacLEAN, J.　To relieve the defendant, judgment debtor, from the
contempt in which he has been held by the court below for violation
of an order, heretofore served upon him, forbidding him to dispose
"of the property belonging to him not exempt by law from execution,
or in any manner to interfere therewith, until further order in the
premises," it should appear that the moneys received and disbursed
by him subsequent to the restraining order served upon him were ex-
empt from restraint under the provisions of section 2463, Code of Civil
Procedure.　The testimony of the defendant debtor himself does not
disclose that said moneys were earned for personal services, and so he
was rightly held to be in contempt.　Mulford v. Gibbs, 9 App. Div.
490, 41 N. Y. Supp. 273; Id., 13 App. Div. 624, 42 N. Y. Supp. 1129,
which was affirmed without opinion in 153 N. Y. 656, 47 N. E. 1109.

Order affirmed, with $10 costs and disbursements.　All concur.