Matter of the Examination of WILLIAM TEELON in Supplementary Proceedings upon a Judgment Recovered in Supreme Court of the County of Chenango Wherein GEORGE McNITT and LEROY H. McNITT are Plaintiffs and Judgment Creditors, and Said WILLIAM TEELON is Defendant and Judgment Debtor.

(County Court, Chenango County, November, 1914.)

Supplementary proceedings — judgment debtor expending money after service of order — contempt.

Where it is made to appear that a judgment debtor engaged in conducting a farm of several hundred acres upon which he kept and maintained fifty-five dairy cows, had the assistance of several servants, and that while an injunction in supplementary proceedings was in force he expended the sum of $130 in payment for groceries, wages of employees and made payment upon a chattel mortgage on a team of horses, he is guilty of a contempt as for a disobedience of the injunction order.

County Court, Chenango County, November, 1914.   [Vol. 87.

MOTION to punish defendant for failure to obey injunction contained in supplementary proceeding orders.

J. J. Bixby, for judgment creditors.

David F. Lee, for judgment debtor.

HILL, J.  Judgment was recovered by the plaintiffs herein against the defendant in Supreme Court for the sum of $245.75 on the 28th day of August, 1914. Thereafter, by an order duly granted, the defendant was examined in proceedings supplemental to execution, and the matter is now up on motion to punish the defendant for failure to obey the usual injunction contained in supplemental proceeding orders.

It appeared that the defendant leased a farm on shares in the county of Chenango, upon which farm were to be kept and maintained fifty-five dairy cows. That his family consisted of his wife and four boys, ranging in age from twenty-two to fifteen years.  That the defendant and two other persons milked the dairy in question.  That while the injunction order was in force the defendant received and expended $120.83, receipts from the dairy, and an additional $10 which was one-half of the money received from a certain calf which was sold, the other one-half thereof being the property of the owner of the farm.  Beyond question this sum of $130.83 was expended in violation of the injunction contained in the supplemental proceeding order, unless such money was the earnings of the judgment debtor for his personal services rendered within sixty days next before the institution of these proceedings, and unless same was necessary for the use of his family within the purview of section 2463

of the Code of Civil Procedure. The proceedings were instituted by the obtaining of the order in supplemental proceedings on the 10th day of September, 1914, and same were upon that day served upon the judgment debtor, and the order required him to appear before a referee upon the 14th day of September, 1914, at which time certain examinations were had, and said proceeding was on that day adjourned to September sixteenth. The milk for which the sum of money mentioned was received was produced upon the farm conducted by the judgment debtor during the month of August, 1914, and he received his pay therefor on September 15, 1914, and the calf in question was sold during a like period.

It appears from the testimony and affidavit of the judgment debtor that he had expended on the 15th day of September, 1914, and while the injunction was in force, the said sum of one hundred and thirty dollars and eighty-three cents as follows: Forty dollars had been paid to a groceryman to satisfy a grocery bill for groceries which had been previously furnished to his family; thirty-five dollars was paid to an employee, and twenty dollars to the two sons who had been employed upon the farm, twenty dollars to a man who held a chattel mortgage upon a team of horses, and fifteen dollars to another man who held a chattel mortgage upon a team of horses, making an aggregate of one hundred and thirty dollars. It is contended by the judgment debtor and his counsel that this money was earnings for personal services, and was exempt under the terms of section 2463 of the Code. I do not find that the exact question has been passed upon in this state, although the opinion in *Matter of Wyman,* 76 App. Div. 292, contains *obiter dictum* exactly in point. I find a Vermont case which holds that personal services do not include the services of a team. I find a New

Hampshire case that holds exactly the reverse. It is possible that a man might be engaged in farming and in dairying on so small and limited a scale that the receipts therefrom would seem to be for personal services rather than for the conduct of the business, but in this case the judgment debtor was engaged in conducting a farm of several hundred acres with fifty-five dairy cows upon it, had the assistance of two servants or more, and it would seem to me that the receipts from so extensive a venture could not under the authorities be held to be earnings for his personal services. *Mulford* v. *Gibbs,* 9 App. Div. 490.

Under another view of the case as suggested by the opinion in *Gillett* v. *Hilton,* 2 Civ. Pro. 108, it seems to me that the judgment debtor violated the injunction. In each instance he paid a debt for horses, for services, for groceries received prior to his obtaining the money, and, no matter for what purpose a debt is contracted under the opinion mentioned, the payment thereof was the payment of an ordinary indebtedness, and not a payment for necessaries for the use of the family of the judgment debtor.

By virtue of the authorities cited above, and particularly having in mind the *dictum* contained in the *Wyman* case, I find and hold that the judgment debtor is guilty of contempt, and should be fined $130, together with $10 costs in this proceeding.

Ordered accordingly.