(94 Misc. Rep. 127)

### SCHAFER et al. v. TYROLER.

(City Court of New York, Special Term.   February, 1916.)

1. EXEMPTIONS ⊙⟩48(2)—WAGES—SCOPE OF EXEMPTION.
   Under Code Civ. Proc. § 2463, exempting the earnings of a judgment debtor for his personal services rendered within 60 days next before the institution of a special proceeding, when it is made to appear that they are necessary for the use of a family wholly or partly supported by his labor, the exemption is of the earnings for personal services, and not of the proceeds of a business carried on by debtor, except that the net proceeds of a business may be exempt, where the debtor's services are the chief factors in it.

   [Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 71; Dec. Dig. ⊙⟩48(2).]

2. EXECUTION ⊙⟩417—SUPPLEMENTARY PROCEEDINGS—VIOLATION OF ORDER—PUNISHMENT.
   A judgment debtor, engaged in business as iron worker, employing three or more workmen, who received moneys in excess of the judgment within two weeks after the service on him of an order in supplementary proceedings, and disposed of the moneys in payment of wages, rent, household expenses, and other personal and business expenses, will be adjudged in contempt for violation of a provision in the order enjoining the debtor from disposing of his property.

   [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1197–1200; Dec. Dig. ⊙⟩417.]

---

Action by Herman W. Schafer and another, judgment creditors, against Leo Tyroler, judgment debtor. On motion to punish the judgment debtor for contempt. Granted.

Whiteside & Stryker, of New York City, for the motion.
Louis Hartmann, of New York City, opposed.

LA FETRA, J. The judgment creditor, having procured an order for the examination of the debtor, served the same on January 21, 1916. This order contained the usual restraining clause under which the debtor was prohibited from disposing of his property. Subsequently the debtor appeared, submitted to examination, and testified, among other things, that within a period of two weeks after the service of the order on him he received moneys in excess of the judgment herein for work done prior to the institution of the proceeding, and disposed of the same in payment of wages to employés, rent, household expenses, and other business and personal expenses. Thereupon the creditor brought this motion to punish the debtor for contempt, alleging the disposition of the moneys in question constituted a violation of the provision in the order enjoining the debtor from disposing of his property.

[1] The Code of Civil Procedure (section 2463) provides:

"The earnings of the judgment debtor for his personal services rendered within sixty days next before the institution of the special proceeding, when it is made to appear by his oath or otherwise, that those earnings are necessary for the use of a family, wholly or partly supported by his labor"

—are exempt from seizure and may not be interfered with. The exemption is of the earnings for personal services, and not of the proceeds of a business carried on by the debtor. Matter of Wyman, 76 App. Div. 292, 78 N. Y. Supp. 546. But the courts have interpreted the exemption to apply to the net proceeds or profits of a business where the debtor's services are the chief factors in it, even though such business is conducted with the assistance of others. McSkiman v. Knowlton (Com. Pl.) 14 N. Y. Supp. 283; Sandford v. Goodwin, 20 Civ. Proc. R. 276, note. The Court of Appeals has held (Kronold v. City of New York, 186 N. Y. 43, 78 N. E. 572), the returns from a business in which a party is engaged, when the investment of capital and the employment of labor are but mere incidents to the conduct of the same, and in which the element of personal earnings predominates, may be considered personal earnings.

[2] The debtor herein is engaged in business as an iron worker. He maintains a shop, with forgers, drills, electrical motors, machines, and many appliances generally used in shops of like character. He has a motor truck used in his business. He employs three and sometimes more workmen. While it is true the exemption is prompted by humane instincts and should be liberally construed in favor of a debtor (Miller v. Hopper, 19 Hun, 394), still I am of opinion the moneys disposed of by the debtor represent income from his business as distinguished from personal earnings. See Mulford v. Gibbs, 9 App. Div. 490, 41 N. Y. Supp. 273; Prince v. Brett, 21 App. Div. 190, 47 N. Y.

Supp. 402. He is accordingly adjudged in contempt, and fined the sum of $75, such fine to be paid in monthly installments of $15 each, the first payment to be made on March 6, 1916. Said fine, when paid, is to be applied towards the satisfaction of the judgment. Upon the failure of the debtor to pay the fine as herein directed a commitment may issue.

Motion granted.