In the Matter of 1101 PARK AVENUE CORPORATION, Judgment Creditor, *v.* LILA CORNELL, Judgment Debtor.

City Court of New York, New York County, December —, 1928.

*John J. Mangin, Jr.,* for the judgment creditor.

*Lila Cornell,* for the judgment debtor, in person.

LA FETRA, Ch. J. This is a motion made for the appointment of a receiver of the debtor's property in proceedings supplementary to execution. The debtor is a married woman living with her husband and infant son in an apartment in New York city. With them resided three roomers who paid a total rental of thirty dollars per week. The wife collected the rental, and with a weekly allowance from her husband applied the moneys in payment of the rent and in maintaining the household. The record is silent as to the size of the apartment and the number of spare rooms devoted for rental purposes. It is admitted that the husband furnished the apartment, but the record fails to disclose whether the lease was made with him or his wife. The creditor claims the rentals received by the wife are earnings of the debtor and are not exempt under section 777 of the Civil Practice Act, and the debtor, opposing the application, contends that they belong to her husband, and if the court should determine to the contrary they are nevertheless exempt. The aforesaid section provides as follows: " This article does not authorize the seizure of, or other interference with, * * * the earnings of the judgment debtor for his personal services rendered within sixty days next before the institution of the special proceeding, when it is made to appear by his oath or otherwise that those earnings are necessary for the use of a family wholly or partly supported by his labor." In *Schafer* v. *Tyroler* (94 Misc. 127) this court had occasion to consider the distinction between income and earnings referred to in said action. When income is derived from business in which the investment of capital predominates, the section does not apply. When, however, the chief factor in producing earnings consists of one's personal efforts the statute does apply and such earnings are exempt. The court said (p. 128): " The exemption is of the earnings for personal services and not of the proceeds of a business carried on by the debtor. (*Matter of Wyman,* 76 App. Div. 292.) But the courts have interpreted the exemption to apply to the net proceeds or profits of a business where the debtor's services are the chief factors in it, even though such business is conducted with the assistance of others. (*McSkiman* v. *Knowlton,* 20 Civ. Pro. 274; *Sandford* v. *Goodwin,* Id. 276.) The Court of Appeals has held ( *Kronold* v. *City of New York,* 186 N. Y. 43) the returns from a business in which a party is engaged, when the investment of capital and the employment of labor are but mere incidents to the conduct of the same, and in which the element of personal earnings predominates, may be considered personal earnings." The principle has been applied in many instances. The earnings of an embroidery salesman, of an expressman, of a photographer and of a teacher conducting a private

school have been held to be exempt. (*Kronold Case, supra; Spreen* v. *Erie R. R. Co.*, 219 N. Y. 533; *McSkiman* v. *Knowlton*, 20 Civ. Pro. 274; *Miller* v. *Hooper*, 19 Hun, 394.) The earnings of an iron worker who maintained a shop, of a retail icedealer who employed horses and carts, of a saloonkeeper and those of a farmer from the sale of milk have been held to be income or profits of a business where capital predominated and not to be exempt. (*Schafer Case, supra; Mulford* v. *Gibbs*, 9 App. Div. 490; *Prince* v. *Brett*, 21 id. 190; *Matter of Wyman*, 76 id. 292.) The earnings resulting from this debtor's services in keeping the rooms in condition for the roomers would ordinarily be exempt, provided they were necessary to support said debtor's family. In the case at bar, however, the debtor is a married woman living with her husband, and if the earnings belonged to her the question then arises whether or not the earnings of the husband alone without those of his wife were sufficient to support and maintain the family in compliance with the duty which the law casts upon the husband. There is no evidence before the court as to the income or earnings of the husband, and accordingly the element of necessity of the application of the thirty dollars towards the support of the family is absent. Undoubtedly the method employed by this family to make " ends meet " was for both to work in order to maintain and support the household. Aside from all this, the presumption naturally arises that the husband and not his wife was the lessee of the premises. (*Stamp* v. *Franklin*, 144 N. Y. 607.) Consequently the moneys received from the roomers were his and not hers. She collected them as his agent and he acquiesced in their application towards the rent and running expenses of the household. And, as was said in *Matter of Stafford* (105 App. Div. 46, 48), " there should be no appointment [of a receiver in supplementary proceedings] where the proof shows that the judgment debtor has no property applicable to the lien of the judgment, and where it may result in harassing her without any benefit accruing to the petitioner." Accordingly the motion is denied, with costs.