Matilda Van Nostrand, Respondent, *v.* Daniel Hubbard, Appellant.

*Evidence — married woman in possession of a farm under a contract of sale — her horses on the farm not liable to levy under a tax warrant against her husband — a witness not discredited simply because she is the plaintiff.*

Where a married woman enters into possession of a farm under a written executory contract to purchase the same, she paying the purchase money and doing herself much of the work in its cultivation, the legal presumption is that she and not her husband is in possession.

Horses belonging to such married woman and used by her on the farm are not subject to levy under a warrant issued for the collection of a tax upon the farm, assessed by the assessors of the town in which it is situated against the husband.

In the absence of evidence or circumstances tending to impeach the credibility of the plaintiff, sworn as a witness in an action pending before a justice of the peace, the justice is not at liberty to disbelieve her simply because she is interested in the event of the action.

Appeal by the defendant, Daniel Hubbard, from a judgment of the County Court of Cayuga county in favor of the plaintiff, entered in the office of the clerk of the county of Cayuga on the 17th day of December, 1897, upon the decision of the court reversing a judgment of a justice of the peace, which dismissed the complaint, with six dollars and seventy-five cents costs.

FOURTH DEPARTMENT, DECEMBER TERM, 1898.        [Vol. 35.

The complaint in this action alleges that on the 25th day of March, 1896, the plaintiff was the owner of and in possession of two horses worth the sum of $190, and that the defendant wrongfully took from the possession of the plaintiff the said horses and converted the same to his own use, to the plaintiff's damage of $190.

The answer denies each and every allegation of the complaint, and further alleges that at the times mentioned in the complaint the defendant was the collector of taxes of the town of Ira, Cayuga county, and that on the 25th day of March, 1896, by virtue of a warrant duly issued to him as such collector for the collection of a tax regularly assessed against Eugene Van Nostrand (the husband of the plaintiff) by the assessors of said town, he duly levied upon the property described in the complaint (which was then in the possession of the said Eugene Van Nostrand), and that he thereafter sold the same, in the manner prescribed by law, to one Elias Van Nostrand, the father of the said Eugene Van Nostrand, for the sum of $49; that, after deducting from the proceeds of such sale the amount of said tax and the fees and expenses of collecting the same, he paid over the balance of such proceeds to the said Eugene Van Nostrand, who duly received and receipted for the same.

*Frederic E. Storke*, for the appellant.

*Amasa J. Parker*, for the respondent.

FOLLETT, J. :

The plaintiff purchased the farm assessed for taxes in the year 1895, under a written executory contract, and entered into possession thereof April 1, 1895, and continued in possession until April 1, 1896. The legal presumption arising from the contract is that the plaintiff and not her husband was in possession of the farm. (*Mygatt* v. *Coe*, 124 N. Y. 212; 142 id. 78; 147 id. 456; 152 id. 457.) No attempt was made by the defendant to rebut this presumption, and, besides, the plaintiff testified that she cultivated the farm, personally did much of the work thereon, and that the consideration for the purchase of the farm was realty which she formerly owned and held the title to. This evidence is uncontradicted, and there is no circumstance in the case which throws any doubt as to the truth of her testimony. Under the written contract

and the oral testimony it must be held that the plaintiff was in possession of the farm from April 1, 1895, to April 1, 1896, as owner and occupant. The horses sold by the defendant were used as a team on the farm, one of which was given to the plaintiff by her father fourteen or fifteen years before the levy, and the other was purchased by her seven years before the levy. There is no evidence in the record tending to show that the plaintiff's husband exercised any legal control over the farm or the horses. The plaintiff's testimony was not contradicted or sought to be. She was not impeached, and there is no circumstance in the record which tends to impeach her credibility, and, under such circumstances, the justice was not at liberty to disbelieve her simply because she was interested in the event of the action. (*Denton* v. *Carroll*, 4 App. Div. 532.) Under the undisputed evidence the defendant was a trespasser. (*Hallock* v. *Rumsey*, 22 Hun, 89.)

The judgment should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.