(47 App. Div. 114.)

STRONG v. WALTON.

(Supreme Court, Appellate Division, Third Department.   January 8, 1900.)

1. TAXATION—WARRANT—DISTRAINT—OFFICER'S LIABILITY.
    A warrant for school taxes, regular on its face, and legally issued, protects the officer distraining the delinquent's property thereunder, where properly levied.

2. SAME—SCHOOL TAX—PERSONAL PROPERTY PURCHASED WITH PENSION MONEY —EXEMPTION.
    Code Civ. Proc. § 1393, as amended by Laws 1897, c. 348, exempts pensions granted by the United States for military and naval service from taxation, and includes real property purchased with the proceeds of a pension. *Held*, that personal property purchased with pension money was exempt from taxation for school purposes, as within the legislative intention evidenced by such statute, notwithstanding Laws 1897, c. 347, declares that the proportional part of real estate not purchased with pension money should be subject to taxation of all kinds, and that such property should be taxable for school purposes, since such chapter was enacted merely to change the law in relation to real estate, and did not affect other property.

3. SAME—TRIAL—QUESTION FOR JURY—UNCONTRADICTED TESTIMONY.
    Where, in an action to subject property to the payment of taxes, the taxpayer testified that such property was purchased with pension money, the fact that his testimony was not contradicted will not warrant the taking of such issue from the jury, since his testimony might have suggested doubt of its truth, which the jury were entitled to determine.

Appeal from trial term, Franklin county.

Action by John A. Strong against Christopher Walton. From a judgment of the county court (58 N. Y. Supp. 761) reversing a justice's judgment in defendant's favor, he appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, KELLOGG, and MERWIN, JJ.

Thomas Cantwell, for appellant.
N. H. Munsill, for respondent.

LANDON, J.   The action was to recover $5.25, the value of a ton of coal, the property of the plaintiff, which the defendant, on March 4, 1898, took, and afterwards sold. The defendant justified by alleging and proving that he was the tax collector of school district No. 1 of Harrietstown and St. Armand, and levied upon and sold the coal under and by virtue of a warrant for the collection of a school tax of $8.92 lawfully assessed against the plaintiff and his property in said district, and included in the warrant. The warrant was regular on its face. It was issued by the authorities having jurisdiction to issue it, and was directed against the plaintiff and his property. The defendant, as tax collector, was protected by it

if he properly executed it. Sheldon v. Van Buskirk, 2 N. Y. 473; Chegaray v. Jenkins, 5 N. Y. 376; Hudler v. Golden, 36 N. Y. 446; Bullis v. Montgomery, 50 N. Y. 352; Railroad Co. v. Kane, 72 N. Y. 614. If there were jurisdictional defects, not apparent on the face of the warrant, which rendered the tax void, the plaintiff's remedy would be in some proceeding to vacate the assessment or tax, or some action against the officers who assumed without right to impose the assessment or tax. The respondent cites Hallock v. Rumsey, 22 Hun, 89, and Van Nostrand v. Hubbard, 35 App. Div. 201, 54 N. Y. Supp. 739. In both cases the tax warrant did not run against the person whose property was seized, nor was the property seized in the possession of the person taxed. In such case the collector, in order to justify seizing the property, would not only have to show that the title to the property in the person not taxed was fraudulently derived from the person taxed, but also would have to prove the validity of both assessment and warrant; and he did neither. Sheldon v. Van Buskirk, supra. The plaintiff, however, testified that he had purchased the coal which the defendant levied upon and sold with pension money which the United States had granted him for his services as a soldier in the national army, and that he so notified the defendant when the defendant seized it. If this was true, then it was exempt from seizure for nonpayment of taxes. Code Civ. Proc. § 1393. Of course, the coal is not the pension money, but it is its equivalent, and the amendment added to the section in 1897, excepting real property purchased with the proceeds of a pension from the exemption for the collection of taxes levied thereon, indicates clearly that other property so purchased is exempt. The amendment, taken in connection with chapter 347, Laws 1897, passed the same day, subjecting the proportional part of real estate not purchased with pension money to taxation of all kinds, and making all of it, although purchased with pension money, taxable for local school purposes and for the construction and maintenance of streets and highways, was, no doubt, made to change the law as to such real estate as the court had declared it (Bank v. Carpenter, 119 N. Y. 550, 23 N. E. 1108, 7 L. R. A. 557; Toole v. Board, 16 Misc. Rep. 653, 37 N. Y. Supp. 9; Id., 13 App. Div. 471, 37 N. Y. Supp. 9, and 43 N. Y. Supp. 1160; Stockwell v. Bank, 36 Hun, 585; Buffum v. Forster, 77 Hun, 27, 28 N. Y. Supp. 285), but not as to other property. The jury found for the defendant. We assume, therefore, that they did not believe that the plaintiff purchased the coal from the pension money. There are cases in which the uncontradicted testimony of a party should be accepted as true. Van Nostrand v. Hubbard, 35 App. Div. 201, 54 N. Y. Supp. 739; Denton v. Carroll, 4 App. Div. 534, 40 N. Y. Supp. 19; Kelly v. Burroughs, 102 N. Y. 93, 6 N. E. 109. But obviously this is not one of them. The plaintiff's testimony in its entirety might have suggested doubt of the truth of his main statement, instead of dispelling it, and his manner may have confirmed the doubt. It was for the jury to decide, and we think their verdict should control.

The judgment of the county court is reversed, and that of the justice's court affirmed, with costs. All concur.