LION CREDIT UNION, Plaintiff, *v.* ——— GUTMAN, Defendant.*

City Court of New York, New York County, August 31, 1932.

*William L. Abrams,* for the plaintiff.

*Morris M. Baker,* for the defendant.

NOONAN, J.   This is a motion by the judgment debtor to vacate a third party order which was served on the Guardian Life Insurance Company of America.   The affidavit of the judgment debtor in support of the motion states that he is at present under the care of physicians in clinics and hospitals, is totally disabled, and is unable to earn any money.   He further states that his only income is the sum of fifty dollars per month, which he is receiving from the third party under a disability clause in the policy issued by it. The third  party order restrains the insurance company from making payments of the disability benefits due to the judgment debtor at the time of its service.   The papers on this motion do not disclose the nature of the policy issued by the insurance company. I am not informed whether it is a life insurance policy with a disability clause, or whether it is a policy providing for disability benefits only, or whether it is payable to a person other than the judgment debtor.   The ground of the motion is that the moneys payable by the insurance company are exempt from levy under section 684 of the Civil Practice Act.   What this section has to do with the present application is not made clear.   Section 55-a of the Insurance Law (as added by Laws of 1927, chap. 468) is not applicable, since that section applies only where the beneficiary of the insurance policy is a person other than the insured.   (*Chatham Phenix Nat. Bank & Trust Co.* v. *Crosney,* 251 N. Y. 189; *Matter of Messinger,* [C. C. A.] 29 F. [2d] 158; certiorari denied, *Reilly* v. *Messinger,* 279 U. S. 855; 49 S. Ct. 351; 73 L. Ed. 996; *N. Y. Plumbers Specialties Co., Inc.,* v. *Stein,* 140 Misc. 161.)   In *Matter*

---

* See, also, *Herbach* v. *Herbach* (148 Misc. 33).

*of Messinger* (*supra*) the court said (29 F. [2d] at p. 160): " It [section 55-a] does not protect the insured against his creditors, and only seeks to prevent them from affecting the rights of the beneficiaries other than himself." It would appear from the papers on this motion that the insurance was payable to the judgment debtor and that he was the sole beneficiary. Although the situation of the judgment debtor may be somewhat distressful, the moneys which he is receiving are subject to the claims of creditors. The case of *Wittman* v. *Littlefield* (142 Misc. 916), cited by the judgment debtor, is not in point. In that case there was an assignment by the insured to his wife of the disability benefits under two insurance policies on his life. The judgment creditor sought to set the assignment aside as fraudulent and without consideration, and the insured, his wife, and the insurance company, who were joined as parties defendants, set up defenses in their answers purporting to claim an exemption by virtue of section 55-a of the Insurance Law. In that case it is evident that the rights of the insured's wife were involved, and the court decided that the defenses should remain to await the proof on the trial as to the alleged fraudulent transfer.

Motion is denied.