EDWARD F. ADDISS et al., as Executors of MORTON H. MEINHARD, Deceased, Appellants, v. ELSA R. SELIG, Respondent.

(Argued February 28, 1934; decided April 24, 1934.)

*George Lion Cohen, William Radner, Herman C. Biegel* and *I. Henry Kutz* for appellants. Section 55-a of the Insurance Law (Cons. Laws, ch. 28) can have no retroactive application upon an existing indebtedness. (*Kittel* v. *Domeyer,* 175 N. Y. 205; *Guardian Trust Co.* v. *Straus,* 139 App. Div. 884; 201 N. Y. 546; *Matter of Inland Dredging Corp.,* 61 Fed. Rep. [2d] 765; *U. S. Mortgage & Trust Co.* v. *Ruggles,* 258 N. Y. 32; *Bank of Minden* v. *Clement,* 256 U. S. 126; *Orinoco Realty Co.* v. *Bandler,* 233 N. Y. 24; *King* v. *Irving,* 103 App. Div. 420; *Schwab* v. *Doyle,* 258 U. S. 529; *N. Y. & Oswego M. R. R. Co.* v. *Van Horn,* 57 N. Y. 473; *Hollenbach* v. *Born,* 238 N. Y. 34; *United States* v. *Heth,* 3 Cranch, 399; *Jacobus* v. *Colgate,* 217 N. Y. 235; *Matter of Messinger,* 29 Fed. Rep. [2d] 158; 279 U. S. 855; *Matter of Solomons,* 2 Fed. Supp. 572; *Matter of Czarniak,* 140 Misc. Rep. 754; *Skinner* v. *Holt,* 9 S. D. 427; *Trust Co.* v. *Fay,* 14 Wash. 536; *Matter of Commissioner* v. *Yelverton,* 204 N. C. 441; *Matter of Sturdevant,* 29 Fed. Rep. [2d] 795; *Matter of Firestone,* 2 Fed. Supp. 96.) If the retroactive construction be adopted then section 55-a is unconstitutional. (*Gunn* v. *Barry,* 82 U. S. 610; *Edwards* v. *Kearzey,* 96 U. S. 595; *Bank of Minden* v. *Clement,* 256 U. S. 126; *U. S. Mtge. & Trust Co.* v. *Ruggles,* 258 N. Y. 32; *Matter of Messinger,* 29 Fed. Rep. [2d] 158; 279 U. S. 855; *Matter of Sturdevant,*

29 Fed. Rep. [2d] 795; *Matter of Firestone,* 2 Fed. Supp.
96; *Matter of Solomons,* 2 Fed. Supp. 572; *Matter of
Commissioner* v. *Yelverton,* 204 N. C. 441; *Fearn* v. *Ward,*
65 Ala. 33; *Skinner* v. *Holt,* 9 S. D. 427; *Trust Co.* v.
*Fay,* 14 Wash. 536.)

*Osmond K. Fraenkel* and *Charles H. Levitt* for respond-
ent.   Section 52 of the Domestic Relations Law (Cons.
Laws, ch. 14) makes the wife the owner of the policies
and their proceeds and both as to the wife and the hus-
band's creditors is a grant which the Legislature may
modify at will.   (*United States Mortgage & Trust Co.* v.
*Ruggles,* 258 N. Y. 32; *Kittel* v. *Domeyer,* 175 N. Y. 205;
*Matter of Thompson,* 184 N. Y. 36; *Baron* v. *Brummer,* 100
N. Y. 372; *Whitehead* v. *New York Life Ins. Co.,* 102 N. Y.
143; *Anderson* v. *Northwestern Mut. Life Ins. Co.,* 261 N. Y.
450; *Maurice* v. *Travelers Ins. Co.,* 121 Misc. Rep. 427;
*Chase Nat. Bank* v. *United States,* 278 U. S. 327; *Chelsea
Exchange Bank* v. *Travelers Ins. Co.,* 173 App. Div. 829;
*Lowenstein* v. *Koch,* 165 App. Div. 760; *Everett* v. *Judson,*
228 U. S. 474; *Burlingham* v. *Crouse,* 228 U. S. 459;
*Guardian Trust Co.* v. *Straus,* 139 App. Div. 884; 201
N. Y. 546; *Wagner* v. *Thieriot,* 203 App. Div. 757; 236
N. Y. 588; *McGowin* v. *Menken,* 223 N. Y. 509; *Matter of
Hammer,* 101 Misc. Rep. 351.)   That the Legislature
intended the new law to apply to all  creditors is obvious
from the fact that one of the chief reasons for enacting
the new law was to put the wife on an equality with other
persons who might be named as beneficiaries of insurance
policies.   That could not be accomplished if creditors
whose claims had already accrued were to continue to
have rights. (*Chatham Phenix Nat. Bank* v. *Crosney,*
251 N. Y. 189; *U. S. Mortgage & Trust Co.* v. *Ruggles,*
258 N. Y. 32: *Matter of Wentworth,* 230 N. Y. 176; *Curtis*
v. *Leavitt,* 15 N. Y. 9; *Matter of Crayton,* 56 Fed. Rep.
[2d] 282; *Morse* v. *Goold,* 11 N. Y. 281.)   No constitu-
tional rights of plaintiffs have been affected by section

55-a of the Insurance Law. (*Dahnke-Walker Milling Co.* v. *Bondurant*, 257 U. S. 282; *Home Building & Loan Assn.* v. *Blaisdell*, 290 U. S. 398; *Penniman's Case*, 103 U. S. 714.)

CRANE, J. Did section 55-a of the Insurance Law (Cons. Laws, ch. 28), effective March 31, 1927, apply to pre-existing creditors as well as pre-existing policies? On or about November 6, 1924, Arthur L. Selig made and delivered to Morton H. Meinhard twenty-five promissory notes, each in the sum of $1,000, payable annually thereafter over a period of twenty-five years, one note becoming due on November 6 of each year, commencing in 1925, and ending 1949. The first five notes became due and were paid. On November 12, 1930, Selig died, leaving twenty notes unpaid. At the time of his death Selig was insolvent, and had been for several years prior thereto. Consequently, the plaintiffs could not look to his estate for the payment of any part of the $20,000, and interest due thereon.

Selig, however, carried insurance on his life in the aggregate principal amount of at least $155,000, represented by several policies of insurance, all of which were issued prior to March 31, 1927, when section 55-a of the Insurance Law took effect.

The maintenance of these policies required the payment of net premiums largely in excess of $500 per annum, which premiums have always been paid by Selig out of his own personal estate, with the knowledge and consent of his wife. Selig's wife was named as beneficiary in these policies, but Selig had reserved the right to change the beneficiary in all the policies at any time. Not having exercised this privilege, however, the wife received at his death the proceeds, which created the net sum of at least $105,000 over and above the loans made to Selig in his lifetime.

On April 15, 1931, Meinhard died, and the plaintiffs, as his executors, have brought this action in a repre-

sentative capacity on behalf of themselves and all other creditors whose claims antedate the enactment of section 55-a of the Insurance Law, to recover the amounts reserved to them by the provisions of section 52 of the Domestic Relations Law (Cons. Laws, ch. 14). The plaintiffs' complaint has been dismissed for failure to state a cause of action, and the case comes here, after unanimous affirmance by the Appellate Division, as one involving directly a constitutional question. If section 55-a of the Insurance Law be retroactive its constitutionality is in question.

First, as to the construction of the act. The Domestic Relations Law (Laws of 1909, ch. 19, § 52) reads in part as follows: "Insurance of husband's life. A married woman may, in her own name, or in the name of a third person, with his consent, as her trustee, cause the life of her husband to be insured for a definite period, or for the term of his natural life. Where a married woman survives such period or term she is entitled to receive the insurance money, payable by the terms of the policy, as her separate property, and free from any claim of a creditor or representative of her husband, except, that where the premium actually paid annually out of the husband's property exceeds five hundred dollars, that portion of the insurance money which is purchased by excess of premium above five hundred dollars, is primarily liable for the husband's debts.  *  *  * "

In *Matter of Thompson* (184 N. Y. 36, 40) we said the following, regarding this provision: " Construing this statute, we have held that the wife's right to the insurance fund created by the husband's annual appropriation or investment of his moneys in premiums for insurance upon his life for the benefit of his wife, does not rest upon contract, but upon legislative grant, exempting the fund from the claims of creditors; that the statute is an enabling act and relates to the remedy; that the state has the right to change the exemption before the fund reaches the

wife, and, therefore, the proceeds of policies issued before the enactment of the statute are subject to its provisions. (*Kittel* v. *Domeyer*, 175 N. Y. 205.) We further held in that case that the statute does not authorize an immediate proceeding by a creditor of the husband against the insurance fund without regard to the condition of the estate generally, and that the wife should not be deprived of any portion of the insurance moneys until it is ascertained by administration upon the estate that the other assets will not suffice to satisfy the claims of creditors. We also declared that until such claims are discharged they are a lien upon so much of the insurance money as was purchased by the excess of the annual premium above $500; that the amount thus purchased is, as to the wife, a fund for all the creditors of the deceased and liable primarily for the payment of the husband's debts in preference to the rights of the wife, which are thus postponed as to that part of the insurance to the rights of creditors."

The reference to the rights of creditors to insurance purchased by excess premiums, as a lien, was intended to convey the idea, no doubt, that the right was one of substance, an important part of the remedy afforded creditors to collect their debts, and that, as against the wife, the right was property of which the creditors could not be divested without due process of law or impaired by State legislation; that this remedy was a material part of their contract.

The Insurance Law, above referred to, section 55-a, in effect March 31, 1927, changed this right of creditors, and the only question before us is whether it applies to pre-existing creditors like the plaintiffs. Its provisions are: " Rights of creditors and beneficiaries under policies of life insurance. If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life or on another life, in favor of a person other than himself, or, except in cases of transfer with intent to

defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof, other than the insured or the person so effecting such insurance, or his executors or administrators, shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same, whether or not the right to change the beneficiary is reserved or permitted, and whether or not the policy is made payable to the person whose life is insured if the beneficiary or assignee shall predecease such person   *   *   *."

Note must be taken of the phraseology of the section. It makes no reference to pre-existing creditors although it does apply to a policy of insurance theretofore issued. This statute may be read so as to apply to pre-existing policies without affecting pre-existing creditors.   In other words, it is quite reasonable to suppose that cases would arise where policies were existing prior to March 31, 1927, although the debts were not incurred until after that date. As to such subsequent creditors this section was valid. We give this section such a meaning, rather than one of doubtful legality, in making it apply to creditors in the plaintiffs' class.   This no doubt is what this court had in mind when it said in *United States Mortgage & Trust Co.* v. *Ruggles* (258 N. Y. 32, p. 39), referring to the repeal of the exception in section 52 of the Domestic Relations Law,  " The rights of the plaintiff were not affected by the repeal, as nothing indicates that it was the intention of the Legislature to prejudice the rights of creditors in the proceeds of policies due or paid prior to the new enactment (*Hollenbach* v. *Born*, 238 N. Y. 34), and if such was the intention the Constitution would frustrate it.   (*Bank of Minden* v. *Clement*, 256 U. S. 126.) "   Although this statement was not necessary to the decision, and appears to apply to past due policies, yet it indicates the impression which the court had at the time that this legislation was prospective in all particulars except for the

one express reservation — its application to pre-existing policies. It does not apply to pre-existing claims of creditors.

This interpretation has found support in *Matter of Messinger* (29 Fed. Rep. [2d] 158, 161), wherein that court stated, " To the creditors whose claims arose prior to the passage of the law, it would not apply. Not only is a retroactive statute which disturbs existing rights unlikely to have been intended, but a State law which deprives existing creditors of their rights to resort to property for payment of their claims would impair the obligation of contracts, and contravene section 10, article 1 of the Federal Constitution." The General Construction Law (Cons. Laws, ch. 22), section 93, enacts that the repeal of a statute or part thereof shall not affect or impair any right acquired prior to the time such repeal takes effect. Statutes dealing with matters other than those of procedure will not be interpreted as retroactive unless such intent of the Legislature clearly appears from its terms. (*Orinoco Realty Co.* v. *Bandler*, 233 N. Y. 24, 28.) " Words in a statute ought not to have a retrospective operation unless they are so clear, strong, and imperative, that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied. This rule ought especially to be adhered to, when such a construction will alter the pre-existing situation of parties, or will affect or interfere with their antecedent rights. * * * " ( *United States* v. *Heth*, 3 Cranch, 399, p. 413.) That the notes of Meinhard became due after the enactment of section 55-a of the Insurance Law makes no difference with this ruling (*Bank of Minden* v. *Clement*, 256 U. S. 126) as the debt was contracted under the security and remedies of the law as it existed in 1924.

Should we read this statute so as to include pre-existing creditors we might be depriving them of that lien and property which we said in *Matter of Thompson* (*supra*)

was theirs under section 52 of the Domestic Relations Law. That this might be (although it is unnecessary so to decide) contrary to the provisions of the Federal Constitution and beyond the power of the State Legislature, reference may be made to *Coombes* v. *Getz* (285 U. S. 434); *Bank of Minden* v. *Clement* (256 U. S. 126); *Edwards* v. *Kearzey* (96 U. S. 595); *Gunn* v. *Barry* (82 U. S. 610).

We, therefore, hold that section 55-a of the Insurance Law does not apply to the plaintiffs or to the class which they represent — pre-existing creditors — and that their complaint was improperly dismissed.

The judgment below should, therefore, be reversed, and the motion for judgment on the pleadings denied, with costs in all courts. (See 264 N. Y. 674.)

POUND, Ch. J., LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not sitting.

Judgment reversed, etc.