BARNETT HOROWITZ, Plaintiff, *v.* ABRAHAM WEINBERG and Others, Defendants.

Supreme Court, Bronx County, July 16, 1934.

*Abraham B. King,* for the plaintiff.

*Archer Eisenstat,* for the defendants Abraham Weinberg and another.

*Alexander & Green,* for the defendant Equitable Life Assurance Society of United States.

COHN, J.   This is an action brought by a judgment creditor to set aside an assignment by the defendant Abraham Weinberg to Gussie Weinberg, his wife, of certain disability income payments due under policies of life insurance issued on the life of Abraham Weinberg.   Gussie Weinberg is named as beneficiary in each of the policies.

During the year 1931, Abraham Weinberg was engaged in the fruit business with one Abraham Ackman as his copartner.   To recover for merchandise sold and delivered to the copartnership between the 19th and 22d days of October, 1931, the plaintiff, on

April 12, 1932, instituted an action against Weinberg and Ackman, individually and as copartners. Less than a month later, and on May 7, 1932, the defendant Abraham Weinberg assigned to his wife disability income benefits which were to accrue to him under seven policies of life insurance issued by the Equitable Life Assurance Society of the United States. Thereafter, and on February 28, 1933, the plaintiff obtained on his claim a judgment in the sum of $579.91 against Weinberg and the copartnership. The plaintiff asks that the assignment of the disability income payments by Weinberg to his wife be declared null and void as against him.

On the evidence I find that the partnership of Weinberg & Ackman was insolvent on May 7, 1932, the date of the assignment, and that the defendant Abraham Weinberg was also insolvent on that date. I find also that the assignment of the disability income payments by Abraham Weinberg to his wife was void for fraud. The testimony of Weinberg and that of his wife establish that the assignment under attack was made without consideration. The only reason ascribed by them for making the transfer was to enable Gussie Weinberg to safeguard the financial affairs of her husband. It was a voluntary conveyance made by Weinberg to his wife at a time when he was insolvent and when he was indebted to the plaintiff. Such a conveyance is fraudulent as to creditors without regard to actual intent. ( *Kerker* v. *Levy*, 206 N. Y. 109; *Chase National Bank* v. *United States Trust Co.*, 236 App. Div. 500; Debtor and Creditor Law, §§ 271, 273; Laws of 1925, chap. 254, § 1.)

The contention of the defendants that the disability benefits of life insurance policies when assigned to the lawful beneficiary of the policies are exempt from the claim of creditors of the insured under section 55-a of the Insurance Law (Laws of 1927, chap. 468) is without merit. Under the law, disability benefits due to an insured judgment debtor under policies of life insurance are not exempt from levy by judgment creditors of the insured, as the exemption under that section applies only where the beneficiary is a person other than the insured. (*Lion Credit Union* v. *Gutman*, 148 Misc. 620; *Herbach* v. *Herbach*, Id. 33; affd., App. Term, First Dept., N. Y. L. J. May 12, 1933.) Moreover, the exemption provided for in section 55-a of the Insurance Law is expressly made inapplicable where an assignment by the insured to another is made in fraud of creditors. (*Levy Leasing Co., Inc.*, v. *Wishner*, 147 Misc. 828.) Before the assignment of the disability payments by Weinberg to his wife, this income belonged to Weinberg, despite the fact that the policy itself was payable to the assured's wife. (*Donahue* v. *New York Life Insurance Co.*, 259 N. Y. 98.) As the assignment to Gussie Weinberg is void, the plaintiff may reach the payments due from the insurance company to the assured.

The recent amendment to the Insurance Law, adding section 55-b (Laws of 1934, chap. 626, effective May 14, 1934), serves to emphasize the fact that disability payments under policies of insurance were not theretofore protected by law from execution or attachment by judgment creditors. That this new section which now saves harmless from execution, attachment or other process disability payments of any insured person due under a policy of insurance is not retroactive in effect is established by our Court of Appeals in the case of *Addiss* v. *Selig* (264 N. Y. 274). There it was held that section 55-a was not retrospective and that it was inapplicable to pre-existing creditors. The same rule must necessarily apply to section 55-b. To hold otherwise would deprive " existing creditors of their rights to resort to property for payment of their claims " in impairment of contractual obligations and in contravention of section 10 of article 1 of the Federal Constitution. (*Matter of Messinger*, [C. C. A.] 29 F. [2d] 158, 161; 68 A. L. R. 1205; *Addiss* v. *Selig*, 264 N. Y. 274, at p. 281.)

Judgment for plaintiff. Submit findings on notice.