In the Matter of Supplementary Proceedings: ARCHIBALD W. BILLINGS, as Assignee for the Benefit of Creditors of EARL B. DECKER, Judgment Creditor, *v.* RICHARD A. LYNCH, Judgment Debtor.

County Court, Delaware County, January 5, 1937.

*Harold C. Rushmore,* for the judgment creditor.

*Richard A. Lynch,* judgment debtor, in person.

. O'CONNOR, J.   The assignee for the benefit of the creditors of Earl B. Decker, a judgment creditor, has moved this court for the appointment of a receiver of the property of the judgment debtor, Richard A. Lynch.   The judgment debtor is the owner of five industrial insurance policies issued to him by the Prudential Life Insurance Company.   None of the policies have any cash surrender value until they have been in force for ten years.   Two of said policies have a cash surrender value at the present time, the other three have no cash surrender value now, but will have October 3, 1937, if the premiums are paid as they become due.   The judgment creditor asks that the judgment debtor be directed to deliver to the receiver all five of the policies and to sign and deliver to the insurance company a request that it pay the cash surrender value of the two policies to the receiver at once, and of the other three when said policies shall have a cash surrender value, with authority to the receiver to make premium payments on these policies until that time.

One of the policies is dated March 15, 1923, and is for $112. The second is dated November 15, 1926, and is for $110.   The present cash surrender value of these two policies is $126.39.   The other three policies are each dated October 3, 1927, and are for $100 each, and if in effect until October 3, 1937, will have a cash surrender value of $65.70 each.   The policies are made payable to the executors or administrators of the insured unless payment be made under the provisions of the next succeeding paragraph of the policies in which it is stated that " The company may make any payment or grant any non-forfeiture provision provided for in this policy to any relative by blood or connection by marriage of the insured, or to any person appearing to said company to be equitably entitled to the same by reason of having incurred expenses on behalf of the insured for his or her burial, or if the insured be more than fifteen years of age at the date of the policy, for any other purpose."   The insured was more than fifteen years of age at the time the policy was issued.

It appears that the judgment debtor is a retired rural mail carrier and has received a pension from the United States government of $96.94 per month, commencing April 1, 1934, and has had no other source of income since that time.

The judgment debtor asks that the motion be denied on the ground that the insurance policies are exempt under the provisions

of section 55-a of the Insurance Law, which provides in part that if a policy of insurance is effected by any person on his own life in favor of a person other than himself, or if a policy of insurance is assigned, or in any way made payable to any such person, the lawful beneficiary or assignee thereof, other than the insured or the person so effecting such insurance, or his executors or administrators, shall be entitled to its proceeds and avails against the creditors and representatives of the insured. The judgment debtor also asserts that the portion of the surrender value of the policies which have been purchased with his pension money is exempt in any event.

Some of these policies were issued before the enactment of section 55-a of the Insurance Law and some after. Prior to the enactment of this section insurance policies were not exempt unless they were payable to the wife of the insured. The section by its terms applies to pre-existing policies and is retroactive as to them. (*Addiss* v. *Selig*, 264 N. Y. 274, at p. 281.) But it does not exempt policies payable by their terms to the executors, administrators or assigns of the insured, nor the cash surrender value thereof. (*Matter of Rockwood & Co., Inc.*, v. *Trop*, 211 App. Div. 421; *Beigel* v. *Windschauer*, 153 Misc. 389.)

The clause contained in section 55-a under which exemption is claimed is that which reads: " Or, * * * if a policy of life insurance is asigned or in anyway made payable to any such person; " such person being other than the insured or person effecting the insurance or his executors or administrators.

There are very few decisions relating to industrial policies. Most of the decisions relate to straight life insurance or endowment policies. *Sullivan* v. *Bock* (157 Misc. 327) is a case directly in point. It is there held that an industrial policy of insurance, like the one in question, is not payable absolutely to the executor or administrator of the estate of the insured, but may, under certain conditions, be paid to the blood relatives or any other person equitably found to be entitled to the proceeds thereof, and is, therefore, within the protection of section 55-a, and that a motion by a receiver in supplementary proceedings for an order directing a judgment debtor to deliver to the receiver the policies of insurance and requiring the debtor to sign, execute and deliver a request to the insurer to cancel the policies and to pay the cash surrender value to the receiver, will be denied.

In *Matter of Gannon* (241 Fed. 733), District Judge MAYER of the Southern District of New York reached the same conclusion and said: " From the foregoing it will be seen that this policy belongs to that class of insurance known as industrial life insurance

and is devised for the protection of persons of small means. Paragraph 2 discloses a wise and beneficent safeguard whereby the insured may be assured a decent burial and, because of the words ' or any other purpose ' whereby the company retains large discretion to reimburse relatives or others for proper expenses, such presumably (to illustrate) as might be incurred for doctor's or hospital bills. It is consonant with public policy that the true intent of so safeguarded a contract of life insurance should be carried out.

" The policy is thus not payable absolutely to the executors or administrators of the insured, but, in the event that expenses have been incurred on behalf of the insured, the policy is payable to the executors and administrators only at the discretion of the company." The order of the referee compelling the surrender by the bankrupt of the policy to the trustee was reversed. The order of reversal was affirmed by the Circuit Court of Appeals (247 Fed. 932), but the affirmance was based upon the ground that it did not appear that the insurer would purchase the policy in question and, therefore, it could not be deemed to have any surrender value payable to the bankrupt and so would not pass to the trustees. The appellate court failed to pass upon the question as to whether, if the policy had had a cash surrender value, it was exempt under section 55-a of the Insurance Law.

We are in agreement with the statement made by District Judge MAYER that industrial life insurance policies are devised for the protection of persons of small means and as a wise and beneficent safeguard whereby the insured may be assured moneys with which to defray the expenses of sickness and a decent burial; also it is consonant with public policy that the true intent of so safeguarded a contract should be carried out. We are unable, however, to agree that this class of policies is within the protection of the statute, for the provisions of the statute expressly provide that in order to be exempt the insurance policy must be payable to a person other than the insured or the one effecting the insurance, his executors or administrators.

Statutes exempting insurance policies should be liberally construed, but liberal construction does not permit the court to construe the statute in direct violation of the express language thereof. The policy states that the insurer will pay the amount of the insurance therein specified to the executors or administrators of the insured unless payment be made under the provisions of the next succeeding paragraph. The policy, therefore, is payable to the executors or administrators of the insured in the first instance. He can obtain

from the insurance company the cash surrender value thereof, if any, if he desires to discontinue, or is unable to make payment of, the premiums. If there were no other provisions in the policy as to whom the insurance should be paid, it certainly would not be protected by section 55-a. The provision as to paying the insurance to a person other than the executor or administrator of the insured is permissive but it is also conditional. There is no evidence here that any third person is equitably entitled to the insurance or cash surrender value thereof under the provisions of the policies above quoted. Until such a condition happens the cash surrender value is payable to the insured and the insurance, on the death of the insured, is payable to his executors or administrators. No person, except the insured, has any vested interest in the policy at the present time.

" It [§ 55-a] does not protect the insured against his creditors but only seeks to prevent them from affecting the rights of the beneficiaries other than himself." (*Matter of Messinger*, 29 F. [2d] 158; *Lion Credit Union* v. *Gutman*, 148 Misc. 620, 621.)

Therefore, a receiver should be appointed and the judgment debtor directed to deliver to the receiver the two policies which have a present cash surrender value and to sign and deliver to the insurance company a request that it pay the cash surrender value of these two policies to the receiver.

The other three policies have no cash surrender value at the present time. It also appears that the premiums on all of these policies since April 1, 1934, have been paid with pension moneys received from the United States government. It is quite probable that none of these policies would now be in force if it had not been for the payments made by the judgment debtor from his pension moneys.

" The courts have decreed that a liberal interpretation should be placed on section 55-a." ( *New York Plumbers Specialties Co., Inc.,* v. *Stein,* 140 Misc. 161, 163; *Chatham Phenix National Bank & Trust Co.* v. *Crosney,* 251 N. Y. 189; *Matter of Messinger,* 29 F. [2d] 158.) The provisions of the statute exempting pension moneys from claims of creditors should also be liberally construed. (*Surace* v. *Danna,* 248 N. Y. 18; *Crossman Co.* v. *Rauch,* 263 id. 264.) Personal property as well as real estate purchased with pension funds is exempt. (*Strong* v. *Walton,* 47 App. Div. 114.)

The judgment creditor contends that even though the judgment debtor used his pension moneys to pay premiums on these policies they are not exempt because they represent an investment. With this contention we cannot agree. It is evident from the language

used in the policies that the insurance was taken out by the judgment debtor for the purpose of insuring his funeral expenses at his death and, if necessary, his support and maintenance during his declining years. As was said in *Yates County National Bank* v. *Carpenter* (119 N. Y. 550, at pp. 555 and 556): "Where such moneys can be clearly identified and are used in the purchase of necessary articles, or are loaned or invested for purpose of increase or safety in such form as to secure their available use for the benefit of the pensioner in time of need, we do not doubt but that they come within the meaning of the statute."

The granting of the order is within the discretion of the court. (Civ. Prac. Act, § 804; *Matter of Stafford*, 105 App. Div. 46; *Matter of 1101 Park Avenue Corp.* v. *Cornell*, 133 Misc. 397.) Under all the circumstances in this case, we believe that the court is justified in exercising its discretion and denying the application of the judgment creditor to compel the judgment debtor to turn over the policies which have no present cash surrender value to a receiver.

The judgment debtor is the owner of a judgment against one Henry Clark of Hobart, N. Y., in the sum of thirty dollars. He has signified his willingness to turn this over to the trustees and there is no reason why he should not do so.

An order may be entered appointing a receiver and directing the judgment debtor to deliver the two policies which have a present cash surrender value to the said receiver, and also directing him to sign and deliver a request to the Prudential Insurance Company that they pay the present cash surrender value of the two policies to the receiver, and also directing that he assign and deliver to the receiver the judgment which he has against Henry Clark, with thirty dollars costs of supplementary proceedings and this motion to the judgment creditor.