GEORGE L. RICHARDSON, as Trustee of ROY P. BRAINARD, Bankrupt, and HOTEL SYRACUSE, INC., Respondents, v. BRAINARD-POWERS CORPORATION, ROY P. BRAINARD and ROSEBUD H. BRAINARD, Appellants. (Appeal No. 1.) — Order of September 25, 1937, as modified by order of October 13, 1937, modified on the law and the facts as matter of discretion, and as modified affirmed, without costs of this appeal to any party. Memorandum: This receivership in the nature of a sequestration seems to be prohibited by sections 150 and 151 of the General Corporation Law. But further and aside from this, it does not appear with any degree of certainty that the transfer of the lease of the Powers Hotel to the corporation defendant was fraudulent. It may well be that the plaintiff trustee will be confined, even if successful, to setting aside the transfers of stock to the defendant Rosebud Brainard. It may eventuate that the corporation was created legally and without fraud. (See *Jenkins* v. *Moyse*, 254 N. Y. 319.) As a matter of discretion a temporary injunction should be ordered in place of a receivership which should sufficiently protect the bankrupt estate of Roy P. Brainard. All concur. (The first order appoints a receiver; the second order resettles the first order.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

GEORGE L. RICHARDSON, as Trustee of ROY P. BRAINARD, Bankrupt, and HOTEL SYRACUSE, INC., Respondents, v. ROY P. BRAINARD and ROSEBUD H. BRAINARD, His Wife, and METROPOLITAN LIFE INSURANCE COMPANY, Appellants. (Appeal No. 3.) — Order modified on the law and the facts as matter of discretion, and as modified affirmed, without costs of this appeal to any party. Memorandum: The plaintiff Hotel Syracuse, Inc., is stricken out as a party plaintiff for the reasons specified in the memorandum decision in *Richardson* v. *Brainard-Powers Corporation, No. 2* (*ante*, p. 631), decided herewith; and the motion in relation to para-

graph 3 is denied because the defendants are not required to answer the specific allegations contained in the complaint in the action of Hotel Syracuse, Inc., v. Roy P. Brainard annexed to the complaint in this action. The only question as to this annexed complaint is whether it is the complaint in the action upon which the judgment obtained by the Hotel Syracuse, Inc., v. Brainard was recovered. It is not necessary to determine now what relief the plaintiff may be entitled to. We are not informed by the complaint in this action whether the outstanding indebtedness of defendant Roy P. Brainard antedates the enactment of section 55-a of the Insurance Law or even when the policies were issued. Therefore it does not appear that *Addis* v. *Selig* (264 N. Y. 274) and *Matter of Gordon* (90 F. [2d] 583) are apposite. Even if they are not applicable as precedents, there is enough in the complaint to bring the case within the provision in section 55-a of the Insurance Law, and entitle the plaintiff to some relief. All concur. (The order denies defendants' motion to strike out party plaintiff and to dismiss the complaint.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.