### SAMUELS v. QUARTIN et al.

### No. 207.

Circuit Court of Appeals, Second Circuit.

Jan. 15, 1940.

Duberstein & Schwartz, of Brooklyn, N.Y., (Max Schwartz and Samuel C. Duberstein, both of Brooklyn, N.Y., of counsel), for appellant.

Krause, Hirsch & Levin, of New York City (George C. Levin and Elliot L. Krause, both of New York City, of counsel), for appellee.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The question is whether a trustee in bankruptcy is entitled to future disability payments under policies of insurance held by the bankrupt, a resident of New York. The district court ruled in favor of the trustee in bankruptcy.

The case was tried on agreed facts. Quartin, a resident of New York, owned two policies of life insurance which contained provisions that in consideration of an additional premium the insurance company would pay him a set sum annually or monthly in the event of his total and permanent disability. The policies were taken out in 1918 and in 1924. Some years prior to Quartin's bankruptcy the insurance company rated him as totally and permanently disabled and commenced paying him disability payments. The payments have been made regularly ever since. On one policy the disability payments are $200 a year, on the other $154.66 a month. Quartin filed voluntary petition in bankruptcy in 1938. His estate had no assets other than the trustee's claim to the disability payments. Of the creditors' claims filed and allowed against him, $45,000 in claims had been in existence prior to 1934.

The right of an insured to receive disability payments under a policy is property which passes to the trustee in bankruptcy of his estate, unless it has been made exempt from creditors' claims by the law

of the state of his residence. Legg v. St. John, 296 U.S. 489, 56 S.Ct. 336, 80 L.Ed. 345. The question then is whether the law of New York exempted Quartin's right to disability payments from the claims of creditors.

By section 55-b of the New York Insurance Law (Consol.Laws, c. 28) the right to receive disability payments from an insurance company is exempt from legal process or seizure at the instance of creditors of the insured, except as to claims for necessaries furnished after disability. In the ordinary case this statute would be a complete answer to any claim by a trustee in bankruptcy of the insured. In the present case it is not an answer. Section 55-b became effective on May 14, 1934, and large claims of creditors now represented by the trustee in bankruptcy were in existence prior to that time. The statute does not give a debtor immunity against claims which were in existence before it took effect. Addiss v. Selig, 264 N.Y. 274, 190 N.E. 490, 92 A.L.R. 1384; In re Messinger, 2 Cir., 29 F.2d 158, 68 A.L.R. 1205; In re Gordon, 2 Cir., 90 F.2d 583.

Quartin argues that ninety percent of the disability payments is exempt from creditors by virtue of section 684 of the New York Civil Practice Act. Section 684 is the statute covering "garnishee execution". It permits a continuing levy of execution on "wages, debts, earnings, salary income from trust funds or profits" owing to a judgment debtor to the amount of $12 or more a week, but not to exceed ten percent of the amount due the judgment debtor. There are New York cases to the effect that disability benefits are within the operation of section 684. Bank of United States v. Pankin, 254 App.Div. 860, 6 N.Y.S.2d 363, is such a case. On the other hand, there are cases in New York courts which allow a judgment creditor to reach disability payments for their full amount. Ruvinsky v. Schonberg, 248 App. Div. 602, 287 N.Y.S. 637; Horowitz v. Weinberg, 156 Misc. 629, 281 N.Y.S. 644, affirmed 246 App.Div. 701, 284 N.Y.S. 989. With a conflict in the lower courts and with no word from the Court of Appeals on the point, we are left to our own devices. Concordia Ins. Co. v. School District, 282 U.S. 545, 51 S.Ct. 275, 75 L.Ed. 528.

Disability payments accruing from an insurance contract are manifestly not "wages, * * * earnings, salary, income from trust funds or profits." The word "debts" is more troublesome. We take it that "debts" in section 684 is to be given a limited meaning. Otherwise the section would clash with other sections of the Civil Practice Act which beyond question enable a judgment creditor to reach the full amount of debts owed to the judgment debtor by third parties. Section 687 provides for levy on and sale of debts evidenced by notes, bonds and other instruments. Several provisions relative to supplementary proceedings deal with discovery of debts owed to a judgment debtor and with third party orders whereby such debts may be collected by a judgment creditor to the extent necessary to satisfy his judgment. Sections 779, 781, 794. So far as we are aware, it has never been thought in New York that a judgment creditor may reach only ten percent of an ordinary debt owed to the judgment debtor, or only ten percent of a debt payable to the judgment debtor at intervals or in installments. "Debts" in section 684 is to be read ejusdem generis; the "debts" embraced are debts of the character of "wages", "earnings" and "salary". See Cohen, Execution Process and Life Insurance, 39 Columbia Law Review, 155–159. We are brought to the conclusion that disability payments under an insurance contract are not comprehended by section 684.

It follows that the trustee in bankruptcy is entitled to the bankrupt's rights to the disability payments.

Affirmed.