### (September 25, 1940.)

GEORGE L. RICHARDSON, as Trustee of ROY P. BRAINARD, Bankrupt, Respondent, v. BRAINARD-POWERS CORP., ROY P. BRAINARD and ROSEBUD H. BRAINARD, Appellants. (Action No. 1.)█ GEORGE L. RICHARDSON, as Trustee of ROY P. BRAINARD, Bankrupt, Respondent, v. ROY P. BRAINARD and ROSEBUD H. BRAINARD, Appellants, and METROPOLITAN LIFE INSURANCE COMPANY, Defendant. (Action No. 2.)█— Order modified by reducing the amount allowed to $500 and directing its payment out of the fund in the action entitled George L. Richardson, as Trustee of Roy P. Brainard, Bankrupt, v. Brainard-Powers Corp., Roy P. Brainard and Rosebud H. Brainard, and as so modified affirmed, without costs. Judgment in so far as it relates to the action entitled George L. Richardson, as Trustee of Roy P. Brainard, Bankrupt, v. Brainard-Powers Corp., Roy P. Brainard and Rosebud H. Brainard, affirmed, with costs, and judgment in so

far as it relates to the action of George L. Richardson, as Trustee of Roy P. Brainard, Bankrupt, v. Roy P. Brainard and Rosebud H. Brainard and Metropolitan Life Insurance Company, reversed on the law and the facts, with costs, and complaint dismissed, with costs. Certain findings of fact disapproved and reversed and new findings made. Memorandum: In the action entitled George L. Richardson, as Trustee of Roy P. Brainard, Bankrupt, Respondent, v. Brainard-Powers Corp., Roy P. Brainard and Rosebud H. Brainard, the fact that the 1,250 shares of the capital stock of the Brainard-Powers Corporation claimed to have been transferred to Mrs. Brainard in July, 1928, were not assigned, transfered or delivered to Mrs. Brainard by Mr. Brainard until March 14, 1932, finds support in the evidence. When Roy P. Brainard became a bankrupt on November 21, 1936, the Brainard-Powers Corporation was indebted to him in a substantial amount. Title to this indebtedness vested in his trustee in bankruptcy on November 21, 1936. In consideration of Nulle's release from liability upon certain notes held by the Rochester Trust and Safe Deposit Company, and for other considerations, Nulle transferred the 1,250 shares of the capital stock of the Brainard-Powers Corporation, owned by him, to Roy P. Brainard and Roy P. Brainard caused said stock to be issued and delivered to Rosebud H. Brainard with the intent and for the purpose of defrauding his creditors out of the claim that Roy P. Brainard held against the Brainard-Powers Corporation when he became a bankrupt. The transfer to her was made without consideration. Mrs. Brainard accepted the stock with full knowledge of the fraudulent design. No bankrupt should be allowed by reason of an advantageous contract with a third party to defeat the rights of his creditors by collecting, after bankruptcy, the fruits of obligations due him prior to his bankruptcy. (See *Equitable Life Assur. Society of U. S.* v. *Stewart* [*Re Roddey*], 12 F. Supp. 186, 192.) In the action entitled George L. Richardson, as Trustee of Roy P. Brainard, Bankrupt, v. Roy P. Brainard and Rosebud H. Brainard, and Metropolitan Life Insurance Company, the evidence clearly establishes that, when Mr. Brainard in the spring of 1929 procured from the Metropolitan Life Insurance Company insurance upon his life in the amount of $100,000 and designated his wife, Rosebud H. Brainard, as beneficiary without reserving the power to revoke designation, he was not insolvent and that the insurance was procured and the beneficiary designated in good faith and without intent upon the part of either to hinder, delay or defraud present or future creditors; that her designation as such beneficiary was supported by a good present consideration. The premiums paid upon these policies averaged $3,524 per year. Considering the fact Mr. Brainard at that time was enjoying a salary of $26,000 per year, including maintenance, the application of approximately one-eighth of his salary to the payment of insurance for protection of his family was neither excessive nor unreasonable. The finding to the contrary was against the weight of the evidence. (See *U. S. Mortgage & Trust Co.* v. *Ruggles*, 258 N. Y. 32, 39; *Central Bank of Washington* v. *Hume*, 128 U. S. 195; *Ross* v. *Minnesota Mutual Life Insurance Co.*, 154 Minn. 186; 191 N. W. 428.) The learned referee properly held that section 55-a of the Insurance Law had no application and that it impliedly repealed section 52 of the Domestic Relations Law. (See *Addiss* v. *Selig*, 264 N. Y. 274.) All concur. (The judgment determines transfers of stock by

defendant Roy P. Brainard and three policies of insurance procured by him to be void, and directs that the property and the insurance policies be turned over to the plaintiff to be administered. The order allows an extra allowance of $1,000.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.