In the Matter of Proceedings Supplementary to Judgment: CONLEW, INC., Judgment Creditor-Appellant, *v.* BARNET BALTOWSKY, Judgment Debtor-Respondent.

First Department, June 27, 1941.

*Robert E. Shortall* of counsel [*Leonard G. Bisco* with him on the brief; *Newman & Bisco*, attorneys], for the appellant.

*Alexander Boskoff* of counsel [*I. Nathanson* with him on the brief; *Dreyer & Traub*, attorneys], for the respondent.

GLENNON, J. The appellant obtained a judgment against the respondent on October 18, 1930, in the sum of $13,557.55. No part of the indebtedness has been paid and the full amount of the judgment is still due with interest, less a nominal credit. Two years later the respondent filed a voluntary petition in bankruptcy in the Eastern District Court of New York but his discharge was denied because of his failure to speak the truth under oath. The record shows that in the bankruptcy proceedings in 1932 the respondent averred in the schedules which he filed that he had no insurance. In his examination as a judgment debtor on June 3, 1931, he falsely swore that he carried no life insurance. Again in a subsequent supplementary proceedings examination held on August 10, 1936, he denied that he had any insurance. Later on March 13, 1939, after the appellant had learned that he was receiving disability payments at the rate of $50 a month from the New York Life Insurance Company, the respondent finally admitted the truth. The appellant thereupon obtained a third party order with a

restraining clause and served it upon the insurance company. As a result thereof, at the time this motion came on for a hearing at Special Term, the New York Life Insurance Company had in its possession $550 representing eleven disability payments owing to respondent.

The sole question involved on this appeal is whether or not the appellant, as a judgment creditor, is entitled to the full sum of $550 or only ten per centum thereof.

We do not believe that section 684 of the Civil Practice Act, which is entitled "Levy upon earnings or income of judgment debtor," applies to disability payments such as we have here under consideration. In *Legg* v. *St. John* (296 U. S. 489), Mr. Justice BRANDEIS pointed out that disability payments are not in any sense future earnings. He said: "The obligation of the company to pay disability benefits in the future is not after-acquired property. It is property which was acquired by Legg long before the adjudication, and fully paid for by the premiums paid before the adjudication. Nor are the benefits payable after the adjudication in any sense future earnings. They are not the fruit of anything to be done by Legg after the adjudication. The right to receive disability benefits in the future does not differ from any other right acquired before adjudication to receive money thereafter. It is in essence an annuity purchased and paid for prior to the adjudication."

Even prior to the holding by the United States Supreme Court which we have quoted, Mr. Justice COHN in *Horowitz* v. *Weinberg* (156 Misc. 629; affd., 246 App. Div. 701), in discussing a similar question, said: "The recent amendment to the Insurance Law, adding section 55-b (Laws of 1934, chap. 626, effective May 14, 1934) serves to emphasize the fact that disability payments under policies of insurance were not theretofore protected by law from execution or attachment by judgment creditors. That this new section which now saves harmless from execution, attachment or other process disability payments of any insured person due under a policy of insurance is not retroactive in effect is established by our Court of Appeals in the case of *Addiss* v. *Selig* (264 N. Y. 274). There it was held that section 55-a was not retrospective and that it was inapplicable to pre-existing creditors. The same rule must necessarily apply to section 55-b. To hold otherwise would deprive ' existing creditors of their rights to resort to property for payment of their claims ' in impairment of contractual obligations and in contravention of section 10 of article 1 of the Federal Constitution. (*Matter of Messinger*, C. C. A., 29 F. [2d], 158, 161; 68 A. L. R. 1205; *Addiss* v. *Selig*, 264 N. Y. 274, at p. 281.)"

We are not concerned upon this appeal with the provisions of subdivision 2 of section 166 of the Insurance Law (formerly section 55-b), since the indebtedness in this case accrued long prior to the enactment of that section. Since we are of the opinion that disability payments accruing from an insurance contract are not " wages, debts, earnings, salary, income from trust funds or profits " within the meaning of section 684 of the Civil Practice Act, we are constrained to the view that the order herein so far as appealed from should be modified so as to direct the payment to the judgment creditor or to the receiver of the total sum of $550 which was admittedly due and owing by the New York Life Insurance Company to the respondent, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant.

MARTIN, P. J., O'MALLEY, TOWNLEY and UNTERMYER, JJ., concur.

Order, so far as appealed from, unanimously modified so as to direct the payment to the judgment creditor or to the receiver of the total sum of $550, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant. Settle order on notice.