## WILSON v. RELIN.
### No. 214.

Circuit Court of Appeals, Second Circuit.

April 6, 1943.

Merle Lewis Sheffer, of Rochester, N.Y., for appellant.

Nathan Relin, of Rochester, N. Y., for appellee.

Before L. HAND, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

The bankrupt appeals from an order, affirming an order of the referee which dismissed his petition, asking that the trustee turn back to him three insurance policies, which the bankrupt claimed to be exempt property under § 166 of the New York Insurance Law, Consol.Laws N.Y. c. 28. The record does not disclose more about two of these policies than that they were what are known as "Industrial Policies," and that they contained a "Facility-of-Payment Clause" by which upon the death of the insured the insurer could make a valid payment of the policies to any of the insured's kin or connections by marriage, or to anyone who appeared to the insurer to be "equitably entitled" to receive it because of having buried the insured, or because he had paid out money for him "for any other purpose." The third policy was to pay $100 a month for sixty months beginning at the end of twenty years, to the bankrupt if he was then living, otherwise to certain named beneficiaries, or, if they were dead, to the bankrupt's executors. It had a rider which promised to pay $100 a month to the bankrupt in case of his total disability; and he was in fact totally disabled

at petition filed. One of the "Industrial Policies" was taken out on October 20, 1890; the other on January 16, 1922; the disability policy was taken out on December 28, 1926. On June 30, 1933, one creditor took judgment against the bankrupt for $946.82; on December 9, 1933, another took judgment for $73.53; a third creditor's claim for $175.15, and a fourth's for $404.-46 were incurred before January 1, 1940. Section 55-b of the New York Insurance Law took effect on May 14, 1934; § 166, on January 1, 1940.

The referee held that § 55-b did not exempt the disability policy as against creditors who had become such before the act was passed; and that § 166(1) did not exempt the two "Industrial Policies" as against any debts incurred before January 1, 1940. Our decision in Samuels v. Quartin, 2 Cir., 108 F.2d 789, is directly in point upon the disability policy; and the appeal is a frank attempt to have us overrule it. The bankrupt's argument is that, since exemption laws are remedial, they should be construed retroactively and should therefore apply to debts in existence when the laws were passed.

The Court of Appeals of New York in Addiss v. Selig, 264 N.Y. 274, 190 N.E. 490, 92 A.L.R. 1384, held that § 55-a did not exempt the proceeds of life insurance policies against claims in existence when it took effect. The policy in that case was in favor of the insured's wife and § 52 of the New York Domestic Relations, Consol. Laws N.Y. c. 14, Law had already exempted it, so far as it had been purchased by premiums of $500. per annum. In deciding that the balance was not exempt the court relied, in part at least, upon its earlier decision in In re Thompson, 184 N.Y. 36, 41, 76 N.E. 870, in which it had spoken of the rights of the insured's creditors against such a surplus as being a lien. Since disability payments do not go to the wife, § 52 of the Domestic Relations Law has nothing to do with their disposition; and there would have been a valid distinction between Addiss v. Selig, supra, and the case at bar, if the court had proceeded on the theory that, although § 55-a did in general exempt policies from pre-existing debts, it was unconstitutional so far as it applied to any insurance to which § 52 of the Domestic Relations Law also applied. But the court did not so proceed: instead it held that the section did not cover pre-existing debts at all, for obviously the same language could not cover one kind of pre-existing debts and not another. In citing with approval our decision in In re Messinger, 2 Cir., 29 F.2d 158, 68 A.L.R. 1205, the court appears to have meant to accept in general the principle that such statutes must be construed prospectively to escape grave danger of their constitutionality.

■ It is possible to argue that since § 55-b does not affect policies within § 52 of the Domestic Relations Law, Consol. Laws N.Y. c. 14, the same inducement not to interpret it retroactively does not exist which existed in the case of § 55-a, because § 55-a—for a substantial part of what it covered—included policies that had been formerly affected by § 52 of the Domestic Relations Law. And that is quite true; so much so that, theoretically, the argument might prevail if the meaning of the statutes were uninfluenced by any consideration of their constitutionality. But that is not the case: in the only instances in which the Supreme Court has had to construe statutes which exempted life insurance from the claims of creditors existing when the act was passed, it has held them pro tanto invalid under the impairment clause. Bank of Minden v. Clement, 256 U.S. 126, 41 S.Ct. 408, 65 L.Ed. 857; W. B. Worthen Co. v. Thomas, 292 U.S. 426, 54 S.Ct. 816, 78 L.Ed. 1344, 93 A.L.R. 173. It is obvious therefore that we must extend to § 55-b the limitation imposed upon § 55-a by Addiss v. Selig, supra, 264 N.Y. 274, 190 N.E. 490, 92 A.L.R. 1384, in order to avoid attributing to it a "meaning * * * of doubtful legality," 264 N.Y. at page 280, 190 N.E. at page 491, 92 A.L.R. 1384. We construe it as not applying retroactively.

■ Different considerations govern the decision as to the "Facility-of-Payment" policies. These were first expressly included within the statute in the redaction of 1940 when § 166(1) of the New York Insurance Law specified them. Subdivision 5 of § 166 declared, however, that as to all claims in existence when it took effect § 55-a, § 55-b and § 55-c (added by Laws 1927, c. 468, Laws 1934, c. 626 and Laws 1935, c. 490) should control. Therefore the question to be decided is whether any one of these exempts these policies, and of the three only § 55-a can by any possibility cover them. It exempts policies "effected * * * in favor of a person other than himself"—the person taking out the insur-

ance. In such cases "the lawful beneficiary * * * other than the insured or the person so effecting such insurance, or his executors or administrators, shall be entitled to its proceeds." We do not know that the policies were not made payable to the insured's executors, and that the "facility-of-payment" clause was not added to enable the insurer to divert payment from them if it were so minded. We shall assume that they were in this form because the bankrupt has the burden of proof, and because that is apparently the ordinary form of such policies. If so, it is impossible to say at the present time that they will turn out to be "in favor of" anyone other than the executors. That will depend upon whether at his death the insurer may choose to select some other payee under the "facility-of-payment" clause. The bankrupt was bound to prove that the policies were in favor of some such person and he has failed. The only two state courts which have passed upon the question are opposed to each other. Sullivan v. Bock, 157 Misc. 327, 284 N.Y.S. 297, and Billings v. Lynch, 161 Misc. 496, 292 N.Y.S. 344.

Order affirmed.