Joseph P. Sullivan, J.
The sole issue presented on this motion is whether, as the tenants contend, a bell .and buzzer system installed at the entrance to a multiple dwelling which is nonfunctional because of disrepair constitutes a condition dangerous to the life, health and safety of the tenants.
Petitioners are tenants of .a multiple dwelling located at 2240 Grand Avenue, in The Bronx who have brought a proceeding against the landlord and the mortgagees of the premises pursuant to article 7-A of the Real Property Actions and Proceedings Law.
Several stipulations whereby respondents have committed themselves to the repair of certain enumerated conditions have been entered into between the parties, who now seek a judicial determination of the issue whether a nonfunctioning bell and buzzer system is within the ambit of those dangerous conditions which will support a proceeding under article 7-A of the Real Property Actions and Proceedings Law. If it is, then respondents will undertake the repair since section 770 of the Real Property Actions and Proceedings Law allows for the maintenance of a 7-A proceeding where there exists, inter alia, 1 ‘ any * * # condition dangerous to life, health or safety ’ ’.
Both sides agree that there is a bell and buzzer system at the entrance door to the building connected to each apartment and further that this system has been out of operation for some time. Respondents contend that the system has been inoperative for at least 20 years; petitioners contend that this condition has existed for only the past three years. In any event, the system does not work at present and the defect, if otherwise *222 within the purview of article 7-A, has existed for a sufficient length of time to give this court jurisdiction (Real Property Actions and Proceedings Law, § 770).
Article 7-A is unique because it affords affirmative relief to tenants of multiple dwellings in the City of New York by way of a special proceeding which they may commence against the landlord. Its efficacy lies in its sanction to direct the payment of rents into court or to a court-appointed administrator and for the use of those rents to remedy conditions which are found to be dangerous (Real Property Actions and Proceedings Law, §§ 769, 776-778).
Article 7-A of the Real Property Actions and Proceedings Law was enacted with the intention of providing additional enforcement powers which were found to be necessary to compel the correction in multiple dwellings of conditions dangerous to the life, health or safety of the occupants thereof (L. 1965, ch. 909, § 1). Such a broad statement of purpose leaves to judicial interpretation the task of delineating those conditions dangerous to life, health or safety.
Section 57 of the Multiple Dwelling Law (art. 3, tit. 2 — Fire Protection and Safety) provides that “whenever bells are installed at the entrance to any multiple dwelling or at any door of an individual apartment in a multiple dwelling, they shall be kept in good working order Penalties, both civil and penal, are provided for an infraction of this provision (Multiple Dwelling Law, § 304).
Until 1968 when section 50-a was enacted there was, however, no requirement in the Multiple Dwelling Law for the installation of a bell or buzzer system. This section requires multiple dwellings containing eight or more apartments erected or converted after January 1, 1968 to be equipped with an intercommunication system, i.e., a device for voice communication between an apartment occupant and a person outside the main door to the building and for permitting the apartment occupant to release the locking mechanism of the main door (subd. 2). For such dwellings erected or converted prior to January 1, 1968, an intercommunication system must be installed where there has been a request therefor by a majority of the tenants (subd. 3).
Thus, it appears that the State Legislature has recognized the importance of a bell and buzzer system or its modern day counterpart, the intercommunication system, as an indispensable ingredient to safe living for apartment house dwellers,
*223 Unfortunately for the tenants of 2240 Grand Avenue, however, there is no statutory requirement for a hell and buzzer or intercommunication system, other than the obligation to repair the existing system (Multiple Dwelling Law, § 57). And taking the landlord at his own word, this system has gone unrepaired for 20 years, a circumstance which makes manifest the inadequacy of the penalty sanction of section 304 of the Multiple Dwelling Law to compel the repair. It was just because of such statutory inadequacy and the failure of the administrative apparatus established for that purpose to cope with the ills besetting housing that article 7-A was conceived. Accordingly, this court finds that article 7-A is a proper vehicle for compelling the repair of a defective bell and buzzer system.
While the recently enacted subdivision 2 of section 50-a of the Multiple Dwelling Law does offer a remedy for the tenants, i.e., an intercommunication system on request, the cost of this more sophisticated system is passed along to the tenants. Under section 57 of the Multiple Dwelling Law, petitioners are entitled to a cost-free repair of the existing bell and buzzer system.
What is there about a nonfunctioning bell and buzzer system that makes it “ dangerous to life, health or safety” or akin to any of the other stated conditions such as a lack of heat, running water, light, electricity, or of adequate sewage disposal facilities or an infestation of rodents (Beal Property Actions and Proceedings Law, § 770) which will support an article 7-A proceeding?
For the answer one need look no further than to the headlines in our newspapers chronicling with chilling impact the daily acts of crime and violence which have set the climate of fear in which we live.[1] In such an era, it is difficult to gainsay the proposition stated by the court in People v. Gruenberg (67 Misc 2d 185) that buzzers in apartments which, when activated, open outside doors leading into apartment buildings are as vitally necessary in such buildings as hot and cold water, heat, light, power and elevator services. There is no intention here to suggest as a broad legal principle the concept that a landlord is accountable for the criminal and violent trespasses committed against the person and property of his tenants. However, to the extent that a bell and buzzer system acts as *224 some deterrent to the criminal intruder, then the landlord should be held to a reasonable répair of such a system when it is defective.
The parties shall proceed accordingly.

. In 1971 in the Borough of The Bronx (where the subject premises are located) 34,571 burglaries, 16,667 robberies and 330 criminal homicides were reported to the New York City Police Department. (The New York Times, Feb. 14, 1972, p. 16.)