ELIK GRAHAM et al., Respondents, *v.* HAROLD WISENBURN, Appellant.

Third Department, July 6, 1972.

*Valerie N. Solomon* for appellant.

*Lawrence F. Klepper* (*David L. Corbin* of counsel), for respondents.

REYNOLDS, J. This is an appeal from an order of the Supreme Court, Albany County, which granted a preliminary injunction ordering appellant to perform repairs on premises he leases to the respondents.

Respondents are tenants pursuant to an oral month-to-month tenancy of a one-family residence on Alexander Street in the City of Albany, New York, owned by the appellant. In the instant action respondents seek to compel appellant to rectify certain conditions on the rented premises which allegedly constitute violations of the Housing Code of the City of Albany and the Sanitary Code of the County of Albany. Special Term, holding that title 10 of article 13 of the Public Health Law (§ 1370 *et seq.*) places the burden of making such repairs as obviate the danger of lead poisoning on landlords and that the facts herein create a nuisance situation which justifies the granting of a mandatory preliminary injunction, ordered appellant "to make repairs necessary to de-lead the premises" and to do so within 10 days of the time respondents temporarily vacate the premises.

While an injunction is a discretionary form of relief (12 Carmody-Wait 2d, New York Practice, § 78:2), a preliminary injunction may not be given unless the party seeking it has stated a prima facie cause of action which would justify a permanent injunction (12 Carmody-Wait 2d, New York Practice, § 78:15; *Rodgers* v. *Rodgers,* 30 A D 2d 548, 549). Accordingly, the dispositive question is whether the respondents in the instant case have any basis in law to compel the appellant to make the ordered repairs to the leased premises despite the lack of any specific provision in the rental agreement to this effect. In our opinion this question must be answered in the negative on the facts presented here. The

general well-established rule is that: "there is no implied covenant or warranty by the landlord that the demised premises are fit for occupation" (33 N. Y. Jur., Landlord and Tenant, § 132) and that "in absence of statute or an express covenant so to do, there is no implied obligation or duty on the part of the landlord to make repairs" (34 N. Y. Jur., Landlord and Tenant, § 436). We find no basis to alter this well-established rule on the facts presented in the instant case. While, as noted, statutory provisions may modify that rule (34 N. Y. Jur., Landlord and Tenant, § 437), none of the multiple dwelling provisions apply to this case involving a one-family house (see Multiple Dwelling Law, § 8; Multiple Residence Law, § 8; see, also, *Rosario* v. *Koss,* 26 A D 2d 561, amd. 26 A D 2d 590). And the task of enforcing the provisions of title 10 of the Public Health Law is placed on specific enforcement agencies (Public Health Law, § 1374), thereby giving the named health officials enforcement powers but adding nothing to the rights of a private party to force landlords into action. Finally, there is no basis for finding that a common-law nuisance is involved since the conditions involved do not arise from outside the subject premises (*Miller* v. *Morse,* 9 A D 2d 188, 193; see, also, 42 N. Y. Jur., Nuisances, § 20).

Accordingly, respondents' complaint does not set forth a cause of action that would justify issuance of an injunction, and therefore a preliminary injunction was improperly granted.

The order should be reversed, on the law and the facts, and the motion denied.

HERLIHY, P. J., GREENBLOTT, SIMONS and KANE, JJ., concur.

Order reversed, on the law and the facts, and the motion denied, without costs.