WANDA FRANCAIS, Appellant, v CUSA BROTHERS ENTERPRISES, INC., Respondent.

Third Department, July 1, 1976

*Roy L. Featherstone (Anthony M. Barraco* of counsel), for appellant.

*Appelbaum & Eisenberg (Bertram W. Eisenberg* of counsel), for respondent.

REYNOLDS, J. In her complaint, plaintiff alleges, in substance, that she was a tenant in a ground floor apartment of

defendant's apartment complex; that at the rear of her apartment was a lawn area in possession of defendant and used by defendant's tenants as a walk leading to and from the rear entrance to her apartment; that on February 15, 1974 the lawn area used as a walkway was in a dangerous and defective condition due to ridged and rutted mounds of snow and ice and that at that time plaintiff slipped and fell and seriously injured herself in attempting to cross said lawn area to enter her apartment; that defendant was negligent in failing to maintain said lawn area in a safe condition and in failing to clear the snow and ice therefrom and that plaintiff's injuries were caused solely by defendant's negligence.

In the third cause of action, plaintiff realleges all of the allegations set forth in her first and second causes of action and further alleges that defendant in leasing the apartment to her warranted that the leased premises, including the said lawn area, would be at all times during the lease in a safe condition. It is clear from plaintiff's brief that she claims in her third cause of action that defendant made an implied warranty of fitness for use. On the appeal, plaintiff claims it was error for Special Term (1) to deny her motion for summary judgment and (2) to grant defendant's motion to dismiss her third cause of action. We disagree. Plaintiff has not established her first and second causes of action sufficiently to warrant the court as a matter of law in directing judgment in her favor (CPLR 3212, subd [b]). Defendant, by one of its officers, denied that the said lawn area was in its control. Defendant admitted it mowed the grass during the growing season on all lawns on the apartment property, including the lawn area where the plaintiff was injured, and denied any obligation to remove snow and ice from the lawn area in the winter months. The motion papers clearly generate questions of fact which can only be resolved by a plenary trial. Plaintiff urges that *Andre v Pomeroy* (35 NY2d 361) is authority supporting her contention. In *Andre,* the plaintiff was a passenger in the back seat of defendant's car, reading at the time of collision. She was injured when defendant operating the car in heavy traffic became unattentive to driving to search for something in her purse and drove directly into the car in front of her. In a four to three decision, the court found that the facts were uncontested, the defendant's negligence was established by her own admission, there was no claim of plaintiff's contributory negligence and it was one of those rare negligence cases ripe for summary judgment. At page 364, the

court said: "The statute directs that 'The motion shall be granted if, upon all the papers and proof submitted, the cause of action * * * shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party.' (CPLR 3212, subd [b].) Normally, if the facts are uncontested summary judgment is appropriate. However, this is not always so in negligence suits, because even when the facts are conceded there is often a question as to whether the defendant or the plaintiff acted reasonably under the circumstances. This can rarely be decided as a matter of law. Thus as a practical matter summary judgment continues to be a rare event in negligence cases." Plaintiff's case does not qualify as one of those rare negligence actions ripe for summary judgment.

The contributory negligence of plaintiff also appears as an issue of fact in this case. Plaintiff's affidavit submitted on the motion states that at approximately 11:45 P.M. at a time when it was dark and the lawn area was unlighted and was covered with a layer of old snow and ice which was ridged and rutted and hard from prior snow she attempted to cross the lawn area. The issue of plaintiff's contributory negligence is created by her own affidavit. In the rare cases in negligence actions when summary judgment has been granted, the facts are usually fully developed in an examination before trial (see, e.g., *Andre v Pomeroy, supra*). The record in this case discloses no examination before trial to clarify the facts for the Trial Judge. To support her third cause of action, plaintiff asserts that defendant "impliedly warranted" that the lawn area where plaintiff was injured was reasonably fit and safe for the purpose for which plaintiff used it. Plaintiff does not assert defendant made a specific warranty, but only an implied warranty growing out of the landlord-tenant relationship. The plaintiff concedes that her third cause of action was merely an alternative theory of recovery for defendant's single alleged tortious wrong.

"The single wrongful act which is asserted as the basis of recovery may constitute the breach of a number of obligations of diverse nature and origin. Then it may rest with the plaintiff whether he will assert as the basis of his right to damages the breach of one or more of such obligations; and the single right to recover such damages may then be alleged in different forms, each asserting as a basis of liability the breach of some duty or obligation. Each so-called 'separate

and distinct cause of action' becomes in effect a 'count' in the allegation of a single wrong * * *. In that sense a single wrong may give rise to different causes of action." *(Schmidt v Merchants Desp. Transp. Co.,* 270 NY 287, 299.)

Plaintiff's assertion of "implied warranty" by the defendant landlord is not well founded. This court recently summarized the law applicable to the case in *Graham v Wisenburn* (39 AD2d 334, 335-336) as follows: "The general well-established rule is that: 'there is no implied covenant or warranty by the landlord that the demised premises are fit for occupation' ". Plaintiff cites section 235-b of the Real Property Law, to sustain her third cause of action or count on the theory of implied warranty. It is true this section creates an implied warranty of fitness on the part of the landlord in favor of a tenant in leases of residential premises. This section was enacted by chapter 597 of the Laws of 1975 and became effective August 1, 1975. On approving this law Governor Carey stated, "The bill represents a significant beneficial change in the law of landlord and tenant". (NY Legis Ann, 1975, p 437.) Section 235-b of the Real Property Law clearly enlarges substantive rights and obligations. It cannot be applied retroactively to plaintiff's cause of action which arose on February 15, 1974. *(People v Oliver,* 1 NY2d 152; *Addiss v Selig,* 264 NY 274; McKinney's Cons Laws of NY, Book 1, Statutes, § 53.) Special Term properly dismissed plaintiff's third cause of action or count. Plaintiff has no valid cause of action on the theory of an alleged implied warranty by respondent. Plaintiff's claim for damages for the single alleged wrongful act of defendant can be fully litigated and vindicated under the first two causes of actions or counts alleged in her complaint. The order must be affirmed.

The order should be affirmed, without costs.

KOREMAN, P. J., GREENBLOTT, MAIN and HERLIHY, JJ., concur.

Order affirmed, without costs.