OPINION OF THE COURT
Frank Composto, J.
Upon the foregoing papers, plaintiffs motion for an order pursuant to CPLR 3025 (subd [b]) granting leave to plaintiff to serve a second amended verified complaint is granted, and said amended complaint in the form annexed to the motion papers shall be served upon the defendants within 30 days of the date of this decision and order.
This is an action to recover for the wrongful death of the decedent Morris Brownstein as a result of the alleged negligence of the defendants herein. Morris Brownstein was a tenant residing in a multiple dwelling formerly owned by the defendant’s decedent, but which had come into the possession and control of the defendants as executors of his estate. On December 31, 1976 Mr. Brownstein was robbed, attacked and killed in the lobby of the apartment building. The present complaint alleges that this incident and the resulting injuries and death of the decedent were caused by reason of the failure of the defendants to, inter alla, repair or replace the defective and broken locks on the front doors leading into the building, which locks the defendant had installed and had received a rent increase therefor. Plaintiff now seeks to amend this complaint by interposing a cause of action pursuant to section 235-b of the Real Property Law for breach of the implied warranty of habitability based upon the same factual allegations.
Section 235-b reads in pertinent part as follows: ”1. In every written or oral lease or rental agreement for residential premises the landlord or lessor shall be deemed to covenant and warrant that the premises so leased or rented and all areas used in connection therewith in common with other tenants or residents are fit for human habitation and for the uses reasonably intended by the parties and that the occupants of such premises shall not be subjected to any conditions which would be dangerous, hazardous or detrimental to their life, health or safety.”
Defendants object to the applicability of this statute on two grounds. First, they argue that a warranty of security against *318 the criminal actions of third persons is not included within the meaning of the warranty of habitability.
The court agrees that the landlord should not be held accountable in all cases and under all circumstances as an absolute, unconditional guarantor against the criminal acts of intruders within an apartment building. However, where as here, defendants have assumed a duty to provide some degree of protection to the tenants by installation of front door locks, and even obtained a rental increase therefor, then to that extent building security is an essential service affecting habitability and thus coming within the scope of the statute (see Park West Mgt. Corp. v Mitchell, 47 NY2d 316, 327-328; 27 Syracuse L Rev, 511-512; cf. Sherman v Concourse Realty Corp., 47 AD2d 134, 139; Tynan v Willowdale Commercial Corp., 69 Misc 2d 221, 222-223).
Can anyone dispute that in New York City today, "where the burgeoning cancer of crime has made our citizens veritable hermits in their homes” (People v Gruenberg, 67 Misc 2d 185, 188), apartment house dwellers are acutely aware of and concerned about building security? The following passage from Tynan v Willowdale Commercial Corp. (supra, at pp 223-224), although decided some eight years ago and involving a different statute, is entirely appropriate and relevant herein as an expression of this concern: "[Q]ne need look no further than to the headlines in our newspapers chronicling with chilling impact the daily acts of crime and violence which have set the climate of fear in which we live. In such an era, it is difficult to gainsay the proposition stated by the courts in People v. Gruenberg (67 Misc 2d 185) that buzzers in apartments which, when activated, open outside doors leading into apartment buildings are as vitally necessary in such buildings as hot and cold water, heat, light, power and elevator services. There is no intention here to suggest as a broad legal principle the concept that a landlord is accountable for the criminal and violent trespasses committed against the person and property of his tenants. However, to the extent that a bell and buzzer system acts as some deterrent to the criminal intruder, then the landlord should be held to a reasonable repair of such system when it is defective.” (Footnote omitted.)
The court held in Tynan (supra, p 223) that for purposes of subdivision 1 of section 770 of the Real Property Actions and Proceedings Law, the nonfunctioning front door security system was a condition "dangerous to life, health or safety,” language which is similar to that found in the warranty of *319 habitability statute (see supra) and which supports this court’s conclusion that building security is encompassed within the purview of said statute (see Notre Dame Leasing Corp. v Banzali, NYU, Dec. 28, 1976, p 15, col 6; Hurkin v Mazzola, NYU, June 2, 1978, p 6, col 1).
The defendants’ second objection is that inasmuch as the decedent’s tenancy in the building had been created long prior to the effective date of the warranty of habitability statute of August 1, 1975, the statute is inapplicable herein. This position is without merit. While section 235-b of the Real Property Law may not be applied retroactively to incidents occurring, or a cause of action arising, prior to August 1, 1975 (Francais v Cusa Bros. Enterprises, 53 AD2d 24, 27; Kaplan v Coulston, 85 Misc 2d 745, 747; Committee for Preservation of Fresh Meadows v Fresh Meadows Assoc., 93 Misc 2d 529, 533), there is no basis for concluding, as defendants suggest, that the statute is equally inapplicable to pre-existing tenancies. Nowhere in the language of the law or in its legislative history (see, e.g., NY Legis Ann, 1975, p 315, Memorandum of Senator H. Douglas Barclay; p 437, Governor’s Memorandum) is there any indication of an intent of the Legislature that the warranty of habitability is not to be incorporated in every "written or oral lease or rental agreement” (Real Property Law, § 235-b, subd 1) in existence on August 1, 1975, the effective date of the act (L 1975, ch 597, § 2). Rather, since the warranty is an implied one (Park West Mgt. Corp. v Mitchell, supra, at p 325), and may not be waived by the tenant or bargained away by the landlord (Real Property Law, § 235-b, subd 2), its immediate applicability to all tenancies then in effect on August 1, 1975 is apparent and represents a rational and reasonable construction of the law. To conclude otherwise (see Committee for Preservation of Fresh Meadows v Fresh Meadows Assoc., supra, at p 533) would invite a potentially chaotic situation in landlord and tenant relationships, as some occupants in a building might be covered by the warranty by virtue of recent renewal or a new lease, while others in the same building might not be because their lease, created prior to August 1, 1975, has not yet expired.
Accordingly, the court finds that the plaintiff’s proposed amendment states a cognizable cause of action for breach of the warranty of habitability, and leave should be given to the plaintiff to interpose same in a second amended verified complaint.